STATE OF CONNECTICUT *v.* PETER PUNDY

STATE OF CONNECTICUT *v.* ANTHONY NOLAN

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 9—decided November 17, 1959

*George R. Bisacca,* for the appellants (defendants).

*Lorin W. Willis,* state's attorney, for the appellee (state).

SHEA, J. The defendants were presented on separate informations, each charging two counts of robbery with violence. The cases were tried together by the court, and the defendants were found guilty on the second count only. Both have appealed. Their assignments of error are in effect identical and are based on the denial of requested changes in the finding, on conclusions of the court as being unsupported by the subordinate facts, and on the conclusion that upon all the evidence the defendants were guilty beyond a reasonable doubt. Upon this last assignment of error, we determine from the entire evidence whether the court erred in holding that guilt was established by the requisite degree of proof. It is, therefore, unnecessary to consider in detail the claims of error directed to the finding. *State* v. *Frost,* 105 Conn. 326, 332, 135 A. 446; *State* v. *Serkau,* 128 Conn. 153, 154, 20 A.2d 725; *State* v. *Foord,* 142 Conn. 285, 286, 113 A.2d 591.

The written statements of alleged accomplices which are contained in the appendix to the defendants' brief have not been considered. As to the defendants, these statements are mere hearsay and are inadmissible as evidence against them. Nor is the statement of either defendant admissible against the other. *State* v. *Wakefield,* 88 Conn. 164, 170,

90 A. 230; 2 Wharton, Criminal Evidence (12th Ed.) § 437. No other evidence has been printed. We point out that the parties have failed to comply with the rules. See Practice Book §§ 418, 448. It is the duty of counsel to see that all evidence necessary for the proper consideration of the appeal is before the court, and if the appellant fails to present it, then it becomes the duty of the appellee to do so. Maltbie, Conn. App. Proc. § 331, p. 420. We have repeatedly referred to this requirement of the rules, and there is no excuse for failure to conform to it. Our resort to the transcript of the evidence in the present instance, in the absence of proper appendices, should not be considered a pattern for future action.

On the evening of May 26, 1958, the defendants met with nine other young men on a street corner in Bridgeport. All eleven left the city about 8:30 p.m. in two automobiles belonging to members of the group. Both defendants rode in one of the cars, which followed the other into Danbury. The group arrived there about 10:00 p.m. As they went along South Street, they observed two young men walking on the sidewalk. Both cars were stopped and two of the men in the first car jumped out and ran over to the men on the sidewalk. The second car, in which the defendants were passengers, then went around the corner to another street, where all the occupants alighted and ran back to South Street. The two young men on the sidewalk were attacked by four of the occupants of the two cars. The defendants saw their companions punch the two men, knock them to the ground and take their wallets from them. Afterwards, all the gang ran back to the cars and drove away. Both defendants were told that a wallet without any money in it had been taken from the youths who had been beaten. The defendants also

knew that one of the men in the first car had a gun, but they did not know whether it was a toy gun or a real one.

After driving around Danbury, the group stopped their cars some distance from a gasoline station on Lake Avenue. While part of the gang, including the defendants, remained at the cars, four started toward the station. Someone said that they were going to "knock off a gas station." Two of the men who went to the station entered it. One of them had a gun in his hand; he pointed it at the attendant and threatened him with death if he did not give them all his money. The attendant was beaten about the face, knocked down, kicked in the head and left on the floor with his hands tied behind his back with a rope. The telephone was ripped from the wall, and money was taken from the cash drawer and from the person of the attendant. The two of the gang who had remained outside the station ran back to the cars, which then drove off. The car in which the defendant Pundy was riding was driven up to the station, and the two who had been in the station were picked up. The defendant Nolan, who was in the other car at that time, knew that the car Pundy was in was to pick up the pair who had actually committed the robbery. By agreement, the two cars met in Bridgeport, where the proceeds of the robbery were divided among all the occupants, including the defendants.

It is conceded that the crime of robbery was committed upon Robert Howes, the gasoline station attendant, as alleged in the second count of the information. But the defendants contend that there is no evidence that either of them committed or assisted in the commission of the offense or any act forming part of it. They maintain that they were not present

at the scene of the offense, did not witness its commission, did not take anything from the person of the complainant and did not use any personal force, abuse or violence upon him. The state does not claim that the defendants were actually present at the scene. It asserts that the fact that they were not present does not exonerate them.

The court has found that the defendants aided, assisted and abetted in the commission of the crime. Under § 54-196 of the General Statutes, "[a]ny person who assists, abets, counsels, causes, hires or commands another to commit any offense may be prosecuted and punished as if he were the principal offender." One may be an accessory even though not present actively aiding, abetting or being guilty of a positive act in the commission of an offense. Everyone is a party to an offense who actually commits the offense or does some act which forms part of the offense, or assists in the actual commission of the offense or any act which forms part thereof, or directly or indirectly counsels or procures any person to commit the offense or do any act forming a part thereof. *State* v. *Scott,* 80 Conn. 317, 323, 68 A. 258; *State* v. *Thomas,* 105 Conn. 757, 763, 136 A. 475. One who is present when a crime is committed but neither assists in its commission nor shares in the criminal intent of its perpetrator cannot be convicted as an accessory. 1 Bishop, Criminal Law (9th Ed.) p. 469. Mere presence as an inactive companion, passive acquiescence, or the doing of innocent acts which may in fact aid the one who commits the crime must be distinguished from the criminal intent and community of unlawful purpose shared by one who knowingly and wilfully assists the perpetrator of the offense in the acts which prepare for, facilitate, or consummate it. *State* v.

*Enanno,* 96 Conn. 420, 425, 114 A. 386. Persons of whom the former may be said are innocent of any wrongdoing, but those as to whom the latter is proved may be convicted as accessories.

It was within the province of the trial court to draw reasonable and logical inferences from the facts proven. *State* v. *Foord,* 142 Conn. 285, 294, 113 A.2d 591; *Donovan* v. *Connecticut Co.,* 86 Conn. 82, 86, 84 A. 288. Upon all the evidence presented, together with such inferences as could be drawn, the court could reasonably conclude that both of the defendants were fully aware of the unlawful purpose of their companions and knew that some of the group went to the gasoline station with the declared intention of robbing the attendant. In the event of resistance, the defendants were ready to render assistance to those actually committing the robbery and to aid them in making a speedy escape. In fact, it appears from Pundy's own statement that he was one of the men in the car which picked up and drove off with the men who robbed the attendant. Each defendant received a portion of the money obtained in the robbery. The court was fully justified in finding that each was an accessory in the commission of the crime.

Neither defendant testified in his own behalf. The court was entitled to take that fact into consideration if the state had made out a prima facie case against him. *State* v. *McDonough,* 129 Conn. 483, 487, 29 A.2d 582. "A prima facie case is made out . . . when the evidence indicates to a reasonable person such a strong probability of guilt that a denial or an explanation by the defendant is reasonably called for." *State* v. *Nelson,* 139 Conn. 124, 127, 90 A.2d 157; *State* v. *DelVecchio,* 145 Conn. 549, 553, 145 A.2d 199. This is true even when the state's

evidence is circumstantial. *State* v. *Kreske,* 130 Conn. 558, 563, 36 A.2d 389. Here, the evidence produced by the state was sufficient to suggest some need of explanation or denial from each defendant.

Upon all the evidence, including the inferences which the court was warranted in making, it was justified in concluding that the defendants were guilty of the offense charged beyond a reasonable doubt.

There is no error in either case.

In this opinion the other judges concurred.