JOHN D. CUSHING, JR. *v.* LEE S. SALMON

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued June 7—decided August 1, 1961

*Paul V. McNamara,* for the appellant (defendant).

*E. Gaynor Brennan, Jr.,* with whom were *E. Gaynor Brennan* and, on the brief, *Melvin M. Dichter,* for the appellee (plaintiff).

BALDWIN, C. J. The plaintiff brought this action to recover damages for injuries which he alleged he had suffered by reason of the defendant's negli-

gence. The defendant admitted liability and the case was tried to the court without a jury on the issue of damages. The court rendered judgment for the plaintiff to recover $18,500 damages, and the defendant has appealed.

The defendant assigned as error the finding of material facts without evidence. See Practice Book § 447. He also assigned error in the failure of the court to include in the finding certain paragraphs of the draft finding. The defendant filed an appendix to his brief with evidence in narrative form. Ibid.; *Northeastern Gas Transmission Co.* v. *Warren,* 144 Conn. 217, 222, 128 A.2d 783; *Chapel-High Corporation* v. *Cavallaro,* 141 Conn. 407, 410, 106 A.2d 720. Section 447 of the Practice Book provides that "if a party claims that the trial court found a material fact without evidence, he may either state that claim in his brief and print no evidence or he may print all relevant evidence; but if he adopts the first alternative or if the evidence he prints does not fairly present the issue to this court and he prevails upon the appeal, this court may order that the expense of the procuring and printing of evidence by the adverse party unjustifiably caused thereby shall be set-off against the costs to which the former, as the prevailing party, would otherwise be entitled." This rule places on the appellee the ultimate responsibility for printing, "in narrative form whenever possible, the evidence which supports the challenged facts, if those facts are to stand." *Clipfel* v. *Kantrowitz,* 143 Conn. 184, 185, 120 A.2d 416; *Vitale* v. *Gargiulo,* 144 Conn. 359, 362, 131 A.2d 830; *Engelke* v. *Wheatley,* 148 Conn. 398, 411, 171 A.2d 402; Maltbie, "Discussion of the 1951 Practice Book," 26 Conn. B.J. 4, 19. The appendices filed are "deemed to embrace all

testimony produced at the trial material to the issues on the appeal." Practice Book § 448.

The plaintiff has filed no appendix. The appendix filed by the defendant does not furnish support for the facts which he claims were found without evidence. Some of them are crucial. If they are stricken, as the rule requires, the finding will not support the award of damages made by the court. *Clipfel* v. *Kantrowitz, supra,* 186. We are reluctant to assume that the appendix filed by the defendant contains all the evidence material to the facts he challenges. Indeed, the appendix quite obviously was not filed for the purpose of presenting that evidence but for the purpose of the assignment of error by which he sought to have facts in his draft finding added to the finding on the ground that they were admitted or undisputed facts. Incidentally, it should be pointed out that the appendix was inadequate for that purpose. See Practice Book § 397; *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634; Maltbie, Conn. App. Proc. § 158.

We do not believe that an experienced trial judge would find, if there was no evidence whatsoever to support such a finding, that the injuries which the plaintiff sustained were the "direct cause of the plaintiff's persistent headaches and blackouts," to take one example. We may, if sufficient cause appears, consult the transcript of evidence "to supplement or explain that printed." Practice Book § 448. But we cannot supply what a proper appendix should furnish, for the very good reason, among others, that when the issue is raised whether the evidence supports a particular material finding, the party who attacks that finding is entitled to know, and this court is entitled to know, on what

evidence the appellee relies. Only in that way can the issue be fully, properly and effectively presented in brief and argument before us. That is the main purpose of §§ 447 and 448. A difficulty in the operation of the rule is that the trial court cannot know whether an appendix will be filed with the appellee's brief or what it will contain and thus cannot consider corrections in the finding in the light of the evidence by which the finding will be tested on appeal. The rule, nevertheless, properly places on the appellee's counsel the ultimate responsibility for printing, in narrative form if possible, the evidence supporting a challenged finding. Counsel should be diligent in taking the necessary action to sustain the finding in his client's favor, if it can be sustained.

The plaintiff claimed to have suffered serious injuries and the trial court found that he had. But the finding, after it is corrected to strike the facts claimed to have been found without evidence, does not support a judgment for the amount awarded as damages. Since we are not able, on the facts appearing in the finding as corrected, to recompute the damages by eliminating the elements contained in the findings stricken, there must be a new trial on the issue of damages. *Engelke* v. *Wheatley,* supra, 412.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover such damages as he may prove on a new trial limited to the issue of damages.

In this opinion the other judges concurred.