EDWARD V. PASS *v.* ALICE M. PASS

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

 

Argued March 3—decided March 17, 1965

*Bernard Insler,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellant (plaintiff).

*M. Lewis Chaplowe,* for the appellee (defendant).

ALCORN, J. The plaintiff brought a petition for a new trial on the ground of newly discovered evidence pursuant to General Statutes § 52-270. The defendant demurred, and the court sustained the demurrer. The plaintiff did not plead over, and judgment was rendered for the defendant from which the plaintiff appeals.

The petition alleged in substance that the defendant herein had, on March 29, 1962, obtained judgment in a contested divorce action against the plaintiff herein; that on the trial an issue was whether the defendant herein (the plaintiff in the divorce action) was motivated by her affection for another man to testify falsely concerning the claimed intol-

erable cruelty of the plaintiff herein (the defendant in the divorce action); that since the trial the plaintiff herein has discovered evidence that the defendant herein had made a statement to her psychiatrist contrary to her testimony on this issue at the divorce trial, and evidence that, since the divorce trial, the defendant herein has, on occasion, been seen in the company of the man in question, sometimes displaying affection. It is further alleged that, in view of this evidence, the judgment in the divorce case is unjust and that, if the newly discovered evidence had been offered in that trial, it would have produced a different result. The defendant demurred on the grounds that the claimed newly discovered evidence is cumulative, designed solely to impeach the credibility of a witness, related to incidents subsequent to the divorce judgment, not likely to produce a different result, and in part inadmissible under General Statutes § 52-146a, that the plaintiff failed to exercise due diligence to discover and produce similar evidence at the divorce trial, and that the petition fails to set forth the evidence offered at the trial or the newly discovered evidence in compliance with established practice. The trial court appears to have sustained the demurrer on all grounds.

By demurring, the defendant has assumed the burden of showing that the trial court, upon a hearing of the petition for a new trial, could not, in the exercise of sound discretion, grant it. *Link* v. *State,* 114 Conn. 102, 107, 157 A. 867. The trial court is required to test the sufficiency of the demurrer by comparing the evidence at the original trial with the allegations in the petition for a new trial. *Lancaster* v. *Bank of New York,* 147 Conn. 566, 579, 164 A.2d 392. The petition did not set forth the

relevant evidence produced at the former trial as it should have done. Practice Book, Form No. 398; *Hall* v. *Tice,* 86 Conn. 684, 690, 86 A. 560; *Gannon* v. *State,* 75 Conn. 576, 578, 54 A. 199. The parties stipulated, however, that the trial court might examine the transcript of the testimony at the former trial and the printed record in an appeal which the plaintiff herein had taken from the divorce judgment and then abandoned. By that stipulation, the defendant, in effect, waived the deficiencies in the petition. The trial court, although it would have been fully justified in refusing to do so, examined the transcript and record and concluded that, under the averments of the petition, a reasonable cause for which a new trial ought to be granted could not be proved according to the usual rules governing new trials. *Wildman* v. *Wildman,* 72 Conn. 262, 270, 44 A. 224.

The question before us is whether the trial court abused its discretion in sustaining the demurrer. *Lancaster* v. *Bank of New York,* supra; *Smith* v. *State,* 141 Conn. 202, 207, 104 A.2d 761; *Krooner* v. *State,* 137 Conn. 58, 62, 75 A.2d 51. In considering that question, we do not examine the transcript. It is the duty of the parties to print all material evidence in the appendices to their briefs. Practice Book §§ 645, 721; *State* v. *Pundy,* 147 Conn. 7, 9, 156 A.2d 193; *Baton* v. *Potvin,* 141 Conn. 198, 200, 104 A.2d 768. The defendant has printed an appendix to her brief, but the plaintiff has filed none.

The rules for granting a new trial on the ground of newly discovered evidence are well established. The evidence must, in fact, be newly discovered, material to the issue on a new trial, such that it could not have been discovered and produced on the former trial by the exercise of due diligence, not merely cumulative and likely to produce a different

result. *Turner* v. *Scanlon,* 146 Conn. 149, 163, 148 A.2d 334. The plaintiff does not pursue in his brief, as a ground for a new trial, the alleged statement made by the defendant to her psychiatrist, and therefore we disregard it. The plaintiff doubtless recognized that the evidence would be inadmissible under General Statutes § 52-146a and that evidence furnishing a valid basis for a new trial must be admissible. *Ferguson* v. *Smazer,* 151 Conn. 226, 228, 196 A.2d 432. The only other newly discovered evidence relied on is that, on a date about six months after the divorce judgment, the man alleged to be the object of the defendant's affections admitted that he was at the defendant's house, although she denied that fact, and the further evidence that, within a four-day period more than a year after the divorce judgment, the defendant had been seen with the man in his automobile riding on public streets and parked in the night season. It appears from the appendix to the defendant's brief that in the divorce trial she denied affection for this man and described him as a social friend and her husband's business partner. The plaintiff disputed her testimony, and independent witnesses for both the plaintiff and the defendant testified as to the relationship. The apparent purpose of the alleged newly discovered evidence is to suggest that the defendant has admitted by her subsequent conduct that her testimony at the divorce trial concerning her affection for the man in question was false.

Evidence which is cumulative only and designed to attack the credibility of a witness is not ordinarily a ground for a new trial and is never such a ground unless it appears reasonably certain that injustice has been done in the judgment rendered and that the result of a new trial will probably be different.

*Apter* v. *Jordan,* 94 Conn. 139, 143, 108 A. 548. The theory of the plaintiff seems to be that, by his introduction, in a new trial, of the evidence described, the court would probably be led to infer that, because of the actions of the defendant many months after the divorce, she actually had affection for the man in question during the divorce trial which necessarily motivated her testimony concerning the intolerable cruelty with which she charged the plaintiff. The court did not abuse its discretion in concluding that the evidence was merely cumulative and that it was not of such a nature as to be likely, by this process of superimposing inference on inference, to lead to a different result on a new trial.

There is no error.

In this opinion the other judges concurred.