HELEN SOLARI ET AL. *v.* EDWARD SEPERAK

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 4—decided November 10, 1966

*Burton J. Jacobson,* with whom, on the brief, was *Alfred A. D'Amore,* for the appellant (defendant).

*John G. Huchko,* for the appellees (plaintiffs).

RYAN, J.  On or about March 10, 1960, the plaintiffs, Louis H. and Helen Solari, agreed to sell a restaurant known as the Parkwood, located at 316 Wood Avenue in Bridgeport, to the defendant, Edward Seperak, and to Walter Kaslow for the sum of $22,000. The agreement, when reduced to writing, recited a consideration of $18,000 despite the fact that the true consideration for the sale of the restaurant was $22,000. It was at the defendant's sug-

gestion that the true consideration was not contained in the agreement. The $18,000 consideration recited in the agreement was paid by the defendant and Kaslow to the plaintiffs, and there remained an unpaid balance due the plaintiffs of $4000. A check was issued by the defendant postdated July 5, 1960, in the amount of $4000 payable to cash. It was delivered by the defendant on July 1, 1960, in part payment of the sale of the restaurant and it was issued for value received. When the check was presented for payment on July 5, the Connecticut National Bank refused to honor it because of insufficient funds. The plaintiffs are still the holders of the check, and it has not been paid.

Thereafter the plaintiffs brought this action on the check. The defendant filed a general denial and two special defenses. In the first special defense, he alleged that at the time of the written agreement of sale for the sum of $18,000 there was a collateral "verbal" agreement entered into between the parties whereby an additional sum of $4000 was to be paid; that the additional sum was for the purpose of concealing the true price from the United States government so that the vendors could avoid payment of taxes to the federal government; and that the collateral agreement was void as against public policy. In the second special defense, he pleaded payment of said sum of $4000 and alleged that the check was not intended to be used but was merely an accommodation to the plaintiff Louis H. Solari so that he would not have to account to his wife, the plaintiff Helen Solari, for the payment of that sum. The trial court rendered judgment for the plaintiffs to recover the principal sum of $4000 plus $1020 interest, making a total of $5020.

The defendant urges six grounds of error. The

first assignment of error claims failure on the part of the trial court to find certain subordinate facts relating to defendant's special defenses which were admitted or undisputed. These various facts, if found, would indicate (1) that the reason for the oral agreement, entered into between the plaintiffs and the defendant, was to enable the plaintiffs to conceal the real purchase price from the federal government, (2) that $4000 in cash was in fact paid to the plaintiff Louis H. Solari, and (3) that the defendant gave Solari a check for $4000 merely to permit him to show it to Mrs. Solari with the understanding that it would be returned to the defendant several days later. Obviously, if these facts were found, the case would take on an entirely different complexion.

This court has the power to correct the finding where it fails to include admitted or undisputed facts. Practice Book § 627; *Morrone* v. *Jose,* 153 Conn. 275, 277, 216 A.2d 196; *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 223, 215 A.2d 123. A fact, however, is not admitted or undisputed simply because it is uncontradicted. Practice Book § 628 (a); *Mercier* v. *American Refractories & Crucible Corporation,* 151 Conn. 559, 560, 200 A.2d 716; see *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 41, 82 A.2d 152. In the instant case, there was no failure on the part of the trial court to include any paragraphs of the draft finding which were admitted or undisputed, as set forth under our rule in cases such as *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634.

In the second assignment of error the defendant claims that the trial court found without evidence (1) that the defendant agreed to deposit money in the checking account after the check was dis-

honored by the bank, (2) that it was at the suggestion of the defendant that the true consideration was not contained in the agreement, (3) that the defendant never paid the $4000, and (4) that the plaintiffs intended to pay income taxes on any profit realized from the sale of the restaurant based on the true consideration.

It is a well-settled rule that this court will not look beyond the appendices to the briefs in order to find supporting evidence. Practice Book §§ 645, 721. "It is the duty of both parties to print all material evidence in the appendices to their briefs." *Pass* v. *Pass,* 152 Conn. 508, 511, 208 A.2d 753; *Cushing* v. *Salmon,* 148 Conn. 631, 632, 173 A.2d 543; *State* v. *Pundy,* 147 Conn. 7, 9, 156 A.2d 193. An examination of the appendices to the briefs shows that there was testimony to support the finding that the defendant never paid the $4000 and that the defendant suggested concealing the true consideration. While it is true that there was also testimony that the defendant did pay the $4000, it is obvious that the court believed that the money was not paid. "The question of credibility is for the trier." *Morrone* v. *Jose,* supra; *Jarrett* v. *Jarrett,* 151 Conn. 180, 181, 195 A.2d 430; *Shakro* v. *Haddad,* 149 Conn. 160, 162, 177 A.2d 221.

On the other hand, an examination of the appendices shows no evidence to support the findings that (1) the plaintiffs had no reason for failing to disclose the true consideration, (2) they intended to pay taxes on this amount, and (3) the defendant agreed to deposit money in the checking account after the check was returned by the bank. The striking of these findings, however, can be of no assistance to the defendant since they relate to the defendant's special defenses of payment and illegality

not apparent on the face of the pleadings. Practice Book § 120. As to each of these affirmative defenses the burden of proof was on the defendant. In view of other facts properly found and the court's refusal to find the facts necessary to sustain the special defenses, it cannot be said that the court erred in concluding that the defendant failed to establish the special defenses.

In the third assignment of error the defendant attacks the trial court's conclusions as not supported by the finding. The conclusions of the court are amply supported by the finding of subordinate facts and must stand since they are legally and logically consistent with the facts found and do not involve the application of any erroneous rule of law material to the case. *Yale University* v. *Benneson,* 147 Conn. 254, 255, 159 A.2d 169; *Monick* v. *Greenwich,* 144 Conn. 608, 611, 136 A.2d 501.

The defendant's fourth, fifth and sixth assignments of error pertain to questions of law involving illegal contracts. Since the trial court found no taint of an illegal contract and since those findings must be upheld, we have no occasion to consider these questions.

The defendant urges in his brief that the trial court committed error by awarding a judgment which was $20 in excess of the amount requested by the plaintiff in his ad damnum. Practice Book § 259; General Statutes § 52-228; *Kirkbride* v. *Bartz,* 82 Conn. 615, 618, 74 A. 888; *Brown* v. *Woodward,* 75 Conn. 254, 263, 53 A. 112. This claim was not specifically assigned as error in accordance with Practice Book § 622, and this court is not bound to consider it.

There is no error.

In this opinion the other judges concurred.