JOSEPH L. GRODZICKI *v.* STASIA M. GRODZICKI

KING, C. J., ALCORN, COTTER, THIM and RYAN, Js.

Argued October 13, 1966—decided January 25, 1967

*James N. Egan,* with whom, on the brief, was *Edward R. Smoragiewicz,* for the appellant (defendant).

*Andrew F. Pulaski,* for the appellee (plaintiff).

RYAN, J.   The plaintiff husband brought this action for conversion against the defendant wife. In this appeal by her, we are concerned only with the first count of the complaint in which the plaintiff alleged that he was the owner of an undivided one-half interest in an account with the East Hartford Aircraft Federal Credit Union from which the defendant withdrew all the funds and converted them to her own use. The defendant denied the allegations of the complaint and filed a counterclaim in three counts. The trial court found for the plaintiff

on the complaint to recover of the defendant the sum of $4680.28 and for the defendant, on the second count of her counterclaim, in the sum of $1000. The judgment on the counterclaim was set off against the plaintiff's recovery, leaving a balance of $3680.28 due the plaintiff from the defendant. Neither party has appealed from the judgment on the counterclaim, and we are concerned only with the defendant's appeal from the judgment rendered on the complaint.

The defendant, in her appeal, assigns error in the failure of the trial court to find certain material facts which she claims were admitted or undisputed and in the finding of certain facts without evidence. The corrections to which the defendant has shown herself entitled are incorporated in the following statement of facts found by the court.

The plaintiff and the defendant were married on September 26, 1942, and lived together until May 17, 1963, when the defendant wife left the plaintiff and their two minor children. The defendant worked during the marriage at the Pratt and Whitney Aircraft Company from 1954 until the date of trial. The plaintiff was employed in Meriden at the International Silver Company. At the commencement of her employment, the defendant opened a savings account in her own name in the East Hartford Aircraft Federal Credit Union, and, on March 24, 1954, she changed this account so that it was in the joint names of her husband and herself, with the right of survivorship. During this time, the defendant deposited approximately one-half of her gross salary in the joint account and also periodically purchased bonds in the joint names of herself and her husband. At no time did the plaintiff deposit any money in this account. On November 1, 1961,

the defendant, without the plaintiff's knowledge or permission, withdrew the entire savings from the Federal Credit Union and redeposited this sum in a new account in her own name. On July 27, 1962, the defendant withdrew the entire account in the sum of $9360.47 from the credit union and deposited it in the Puritan Bank and Trust Company in Meriden in her own name as trustee for the parties' two children.

Three paragraphs of the finding are attacked by the defendant as found without evidence. These findings, which are crucial to the plaintiff's case, recite the following facts: The plaintiff and the defendant agreed to accumulate their entire financial estate jointly as community property. Pursuant to this agreement, the plaintiff and the defendant opened several savings accounts in their joint names with the right of survivorship, purchased bonds and real estate in the same manner, and had a safe deposit box in both names. During this time and pursuant to this agreement, the plaintiff's moneys were utilized for, among other things, the support and maintenance of the family household and mortgage payments, and the balance was put into the parties' joint savings bank accounts or was utilized for the purchase of bonds in their joint names. "It is a well-settled rule that this court will not look beyond the appendices to the briefs in order to find supporting evidence. Practice Book §§ 645, 721. 'It is the duty of both parties to print all material evidence in the appendices to their briefs'. *Pass* v. *Pass,* 152 Conn. 508, 511, 208 A.2d 753; *Cushing* v. *Salmon,* 148 Conn. 631, 632, 173 A.2d 543; *State* v. *Pundy,* 147 Conn. 7, 9, 156 A.2d 193." *Solari* v. *Seperak,* 154 Conn. 179, 183, 224 A.2d 529. In the present case, the plaintiff filed no appendix setting forth

evidence to support these findings, and the defendant's appendix recites no such evidence. We have no alternative but to conclude that these findings were not supported by the evidence and must therefore be stricken. In consequence of this, the conclusion of the trial court that the parties held their property jointly and intended that it be community property cannot be sustained.

The plaintiff urges that the judgment of the trial court should be sustained by virtue of General Statutes (Rev. to 1962) § 36-3, which reads as follows: "(1) When a deposit has been made in this state in any state bank and trust company, national banking association, savings bank, industrial bank or private bank, or an account has been issued in this state by any building or savings and loan association or federal savings and loan association or credit union, in the names of two or more persons and in form to be paid to any one or the survivor, or survivors, of them, such deposit or account and any additions thereto made by any of such persons after the making or issuance thereof, together with all dividends or interest or increases credited thereon, shall be held for the exclusive use of such persons and may be paid to any of them during the lifetime of all of them or to the survivor or survivors after the death of one or more of them, and such payment and the receipt or acquittance of the person or persons to whom such payment is made shall be a valid and sufficient release and discharge for all payments so made. The making of a deposit or issuance of an account in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding respecting the ownership of, or the enforcement of the obligation created or represented by, such deposit or account,

of the intention of all of the named owners thereof
to vest title to such deposit or account, including
all additions and increments thereto, in such survi-
vor or survivors. (2) This section shall not apply
to any deposit or account referred to herein where
either owner died before October 1, 1953, nor shall
it apply to any action pending on said date."

The plaintiff interprets the statute to mean that
the creation of a joint account in the names of the
plaintiff and the defendant and payable to the sur-
vivor of them gave each of them an undivided one-
half interest inter vivos in the accounts in the
absence of proof of fraud or undue influence. An
examination of the legislative history of the statute
indicates that in 1947 the legislature enacted § 1024i
of the 1947 Supplement (Rev. 1949, § 5831) which
provided: "A deposit or any part thereof made in
any savings bank or the savings department of any
state bank and trust company or the time deposit
department of any national banking association
located in this state in the name of two persons and
payable to either or the survivor may be paid to
either of such persons and the receipt of the person
so paid shall be a valid release and discharge for
the payment so made." From the language of the
statute, which makes no attempt to define the inter-
est of either party in the account, it is obvious that
its purpose was to protect the interests of the banks.
A number of states have such statutes, which are
referred to as "bank protection statutes." This
section was repealed in 1953, and § 2102c of the 1953
Cumulative Supplement was enacted which, with
certain amendments adopted in 1961 to clarify the
application of the statute to accounts issued to more
than two persons, became the present § 36-3. The
plaintiff argues that the statute in its present form

created a conclusive presumption that the defendant wife intended to vest an undivided one-half interest in the plaintiff as of the time she put his name on the account and that his right to this interest continued even after the defendant withdrew the funds from the account. The language of the statute does not warrant this construction. "The making of a deposit . . . in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding respecting the ownership of . . . such deposit . . . of the intention of all of the named owners thereof to vest title to such deposit . . . in such survivor or survivors." General Statutes (Rev. to 1962) § 36-3. The obvious intent of the legislature is to give to the survivor or survivors an irrebuttable presumption of ownership. "Special statutes have been enacted in six states.[1] . . . [T]hey specifically recognize the joint account as a method of transfer of funds to the surviving co-depositor. None of these statutes, however, makes any mention of the co-depositors' inter vivos interests. Thus, although the survivorship question is settled in these jurisdictions, the question of the donee's inter vivos interests is not answered, and the courts must once again look to their common law." Comment, "Property—Joint Bank Accounts—The Donee's Inter Vivos Interest," 60 Mich. L. Rev. 972, 981; see Kepner, "Five More Years of the Joint Bank Account Muddle," 26 U. Chi. L. Rev. 376, 396, 397. The first sentence of subsection (1) of the statute permits the payment by the bank to any of the codepositors during the lifetime of all of them or to the survivor or survivors after the death of one or

[1] Alabama, Connecticut, Maine, New Hampshire, New Jersey and Vermont.

more of them "and the receipt or acquittance of the person or persons to whom such payment is made shall be a valid and sufficient release and discharge for all payments so made." This portion of the statute is obviously for the protection of the banks. The language of the statute does not determine the respective rights of the parties inter vivos. The presumption created by the second sentence of subsection (1) of the statute has no application to an action between the parties when all of them are alive. In such a case, we must look to our common law for a determination of the question presented. In the finding, which was necessarily curtailed by the absence of an appendix, there are no facts to support a valid gift inter vivos. *Fasano* v. *Meliso,* 146 Conn. 496, 502, 152 A.2d 512; *Driscoll* v. *Norwich Savings Society,* 139 Conn. 346, 350, 93 A.2d 925; *Bachmann* v. *Reardon,* 138 Conn. 665, 667, 88 A.2d 391.

There is error, the judgment on the complaint is set aside and the case is remanded with direction to render judgment for the defendant on the complaint; the judgment for the defendant on the second count of the counterclaim is not affected.

In this opinion the other judges concurred.