JOHN B. BARNINI ET AL. *v*. SUN OIL COMPANY

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued March 4—decided March 30, 1971

*Harry Cooper,* for the appellant (defendant).

*Leon Podrove,* for the appellees (plaintiffs).

SHAPIRO, J. The plaintiffs' land in Bolton was taken by the state highway commissioner for highway purposes by eminent domain under General Statutes § 13a-73 (b). The land had on it a service station which was under lease from the plaintiffs to the defendant with an option to renew. The commissioner assessed damages for the taking, and

after an appeal the value of the property was found to be $85,000, for which amount judgment was rendered. No appeal was taken from that judgment. This sum was placed on deposit in the office of the clerk of the Superior Court. A dispute arose between the plaintiffs and the defendant as to the amount due the defendant, under its lease, from this fund. The plaintiffs brought suit in the Superior Court to determine the rights of the parties under General Statutes § 48-21.[1] The court determined the value of the lease to be $2040.30, and from a judgment rendered thereon the defendant has appealed, assigning as error the court's refusal to find certain facts, various findings and its conclusions, in overruling its claims of law and in rendering judgment as on file.

The defendant has assigned error in the failure of the court to find nineteen paragraphs of its draft finding which it claims are admitted or undisputed. To secure an addition on this ground it is necessary for the defendant to point to some part of the appendix, the pleadings, or an exhibit properly before us, which discloses that the plaintiffs admitted that the fact in question was true or that its truth was conceded to be undisputed. *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619; *State* v. *Dukes,*

---

[1] The pertinent portion of § 48-21 reads as follows: "In any proceeding brought under the provisions of subsection (b) or (e) of section 13a-73 or section 13a-74, 13a-76, 13a-77 or 13a-78, notice shall be given to all persons appearing of record as holders of any mortgage, lien or other encumbrance on any real estate or interest therein which is to be taken by right of eminent domain or by condemnation proceedings . . . . In case of dispute as to the amount due any such mortgagee, lienor or other encumbrancer, the money may be deposited with the clerk of the superior court for the county in which such property is situated, and anyone claiming an interest in the same may bring suit therefor, making all others claiming interest in the fund defendants, and the court may determine the rights in the fund of all parties to such suit."

157 Conn. 498, 500, 255 A.2d 614; Maltbie, Conn. App. Proc. § 158. Most of the additions sought are in dispute. The others involve facts which are immaterial to our disposition of the appeal. See *Greenwich Contracting Co.* v. *Bonwit Construction Co.*, 156 Conn. 123, 128, 239 A.2d 519. The defendant has not established any failure on the part of the trial court to include in its finding any fact which was material and was admitted or undisputed.

The defendant assigns error in the finding by the court of certain of the following facts as being without evidence or in language of doubtful meaning. The court found the following facts: On August 3, 1967, the plaintiffs owned land in Bolton which was condemned on that day by the state highway commissioner. There was a complete taking, and on appeal, a state referee, acting as a court, made an award of $85,000 and rendered judgment accordingly. The defendant leased the land from the plaintiffs for a term of fifteen years from July 25, 1956, with a five-year renewal option, at a monthly rental of $325. The defendant had the right to sublet and did sublet the premises for the purpose of conducting thereon a gasoline service station. The defendant included in its sublease a right to terminate if all or any part of the leased premises should be condemned or otherwise taken for public or quasi-public use. The monthly rent fairly due the defendant for monthly use of the sublet premises is $350. At the time of the taking, the unexpired portion of the lease was for a period of nine years, and its value is a sum which would not be available to the defendant except as realized annually during that period. The true equivalence of the value of the defendant's lease is maintained by discounting the sums payable in the future at six percent Inwood Factor 6.801.

"It is a well-settled rule that this court will not look beyond the appendices to the briefs in order to find supporting evidence. Practice Book §§ 645, 721. 'It is the duty of both parties to print all material evidence in the appendices to their briefs.' *Pass* v. *Pass,* 152 Conn. 508, 511, 208 A.2d 753; *Cushing* v. *Salmon,* 148 Conn. 631, 632, 173 A.2d 543; *State* v. *Pundy,* 147 Conn. 7, 9, 156 A.2d 193." *Solari* v. *Seperak,* 154 Conn. 179, 183, 224 A.2d 529. Only the defendant filed an appendix to its brief.

An examination of the evidence as summarized there shows the following: Richard Barry, a real estate appraiser, testified on July 22, 1969, at the trial of this case, that the lease had nine years to run which included the five-year option; that a method of arriving at the value of the leasehold interest is the difference between the contract rent as provided in the lease and the economic rent being the fair market value. In determining the market value, the best method he could arrive at was based on the sublease with Albert Pullo, which Barry used to determine a comparable economic rent. Due to the location of the station, the sublease was a basis on which to arrive at the going economic rent that would be paid in the area. This analysis is a standard appraisal method. He never used gallonage at the station to determine the value of the leasehold, although that is an accepted method of determining the fair market value of the entire property. That does not determine the fair market value to the lessee. The gallonage method of arriving at a value is a method of arriving at the value of the entire fee. To arrive at the value of the lease, the accepted method is the difference between the contract rent and the economic rent. This would amount to an annual difference of $300, which, projected over the

nine years and discounted at the Inwood Factor of 6.801 ($300 x 6.801) results in a value of the lease of $2040.30.

From the foregoing, it is apparent that the finding under attack is fully supported by evidence. Although there was differing testimony by other expert witnesses as to the commencement date of the lease and methods of determining the value of the lease, the court was not obliged to accept their opinions. If, for example, the trier does not find such a witness credible, he will reject his opinion regardless of whether he believes or disbelieves the subordinate facts on which the opinion is based. *Van Detti* v. *Parsons Bros., Inc.,* 146 Conn. 282, 286, 150 A.2d 200; *Sibley* v. *Middlefield,* 143 Conn. 100, 108, 120 A.2d 77.

On the facts as found by the court and recited above, the court concluded that there was a complete taking; that the monthly rent provided for under the lease is $325 and $3900 for the year; that the monthly rent fairly due the defendant under the subletting is $350 and $4200 for the year; that the rent provided for under the lease subtracted from the rent fairly due under the subletting leaves a monthly difference of $25 and $300 for the year; that the annual difference of $300 for nine years, reduced at six percent Inwood Factor 6.801 ($300 x 6.801) amounts to $2040.30; the value of the defendant's lease is $2040.30 and that the defendant's right in the $85,000 on deposit is $2040.30.

The defendant assigns error in certain of these conclusions. The court's conclusions are to be tested by the finding. *Brockett* v. *Jensen,* 154 Conn. 328, 331, 225 A.2d 190. The conclusions reached by the court must stand unless they are legally or logically inconsistent with the facts found or unless

they involve the application of some erroneous rule of law material to the case. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500; *Craig* v. *Dunleavy,* 154 Conn. 100, 105, 221 A.2d 855.

The defendant's basic claim is that the trial court erred in basing its determination of the value of the defendant's lease solely on the sublease, without giving consideration to the supplier's agreement and gas gallonage sales at the station. The short answer to this claim is that in obviously relying on the testimony of Barry, the trial court was not required to give consideration to the supplier's agreement and the gas gallonage sales in determining the value of the defendant's lease even though there was contrary testimony from a witness called by the defendant.

We have had occasion to consider the rule to be applied for evaluating the leasehold interest in land, the value of which had already been determined. "The value of the lease is properly arrived at, in the case of a complete taking, by subtracting the rent provided for under the lease from the fair market value of the lease. *United States* v. *Petty Motor Co.,* 327 U.S. 372, 381, 66 S. Ct. 596, 90 L. Ed. 729; *New Jersey Highway Authority* v. *J. & F. Holding Co.,* 40 N.J. Super. 309, 316, 123 A.2d 25; Jahr, Eminent Domain, p. 197; 4 Nichols, Eminent Domain, § 12.42 [3]." *Canterbury Realty Co.* v. *Ives,* 153 Conn. 377, 382, 216 A.2d 426. In a determination of what this amount should be, all elements legitimately affecting the value of the lease should be considered. See *Eljay Realty Co.* v. *Argraves,* 149 Conn. 203, 206, 177 A.2d 677. This rule applies to the facts in this case and the trial court correctly followed it.

The conclusions reached by the court are amply supported by the finding of subordinate facts. They

are legally and logically consistent with the facts found and do not involve the application of any erroneous rule of law material to the case. *Yale University* v. *Benneson,* 147 Conn. 254, 255, 159 A.2d 169.

There is no error.

In this opinion the other judges concurred.