BARRY KLEIN ET AL. *v.* GLEN T. CHATFIELD ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued December 6, 1973—decision released February 26, 1974

*Bernard Green,* with whom was *Eric M. Gross,* for the appellants (plaintiffs).

*Norris L. O'Neill,* for the appellees (defendant Lloyd Albin et al.).

*Joseph F. Keefe,* for the appellees (named defendant et al.).

BOGDANSKI, J. This is an appeal from an action brought by the plaintiffs, Barry Klein and Morris Feinson, against the defendants, Glen T. Chatfield,

Thurber R. Chatfield, Lloyd Albin and Jerome R. Shenker, seeking (1) a decree setting aside a land conveyance; (2) a decree compelling specific performance, and (3) injunctive relief. The plaintiffs alleged that the Chatfields breached a contract with them for the sale of 103.20 acres of land located on Gorham Road in Kent, Connecticut, when they sold that land to the defendants, Albin and Shenker. The trial court concluded that no contract was ever entered into by the Chatfields and the plaintiffs. From the judgment rendered for the defendants the plaintiffs have appealed.

The finding as corrected[1] can be summarized as follows: Prior to March, 1967, the Chatfields owned 103.20 acres of land in the town of Kent, Connecticut. The first mortgagee was threatening foreclosure and other creditors were also threatening action against the Chatfields' property. The plaintiff Feinson, an experienced real estate developer, became interested in purchasing the property. On March 13, 1967, a meeting took place at which Thurber Chatfield, Feinson, Klein and Arthur Bertine, a real estate broker, were present. At the conclusion of this meeting it was orally agreed that (a) a written contract of sale of the Chatfields' land to Feinson and Klein for $35,000 would be drawn

---

[1] The plaintiffs assign error in the court's finding of certain facts which they claim are not supported by the evidence. The validity of such a claim is tested by the evidence printed in the appendices to the briefs. Practice Book § 718; *State* v. *Vars*, 154 Conn. 255, 258, 224 A.2d 744. The appendices disclose that three of the challenged findings are reasonably supported by the evidence. Another challenged finding relating to the sufficiency of funds in the plaintiffs' checking account is not so supported and is ordered stricken. Practice Book § 627; *Grodzicki* v. *Grodzicki*, 154 Conn. 456, 460, 226 A.2d 656. The remaining challenge to a finding of fact is considered in the body of the opinion, because our treatment of that assignment of error is dispositive of the case.

up by the Chatfields' attorney; (b) a deposit of $3000 would be paid to the Chatfields at the time of the execution of the contract, and (c) the balance would be paid in cash at the closing, to take place on April 3, 1967. There was no offer of a deposit on the day of that meeting. On March 14, 1967, the Chatfields executed a written contract and mailed it to the plaintiffs' attorney. The Chatfields wished to close the deal quickly in order to pay off their creditors. On March 20, 1967, the plaintiffs signed the written contract and left it and a deposit check for $3000 with their attorney. On March 22, 1967, while the contract and check were still in his possession, the Chatfields delivered to him a written withdrawal of the offer of sale.

The trial court concluded that the document signed by the Chatfields was an offer; that an essential requirement of that offer was the delivery to them by the plaintiffs of an executed contract and a deposit of $3000; that until both steps were taken by the plaintiffs, the parties were free to disengage themselves from whatever tentative commitments they may have made.

The plaintiffs contend that the parties did enter into a contract on March 13; that this contract, though not in writing, was nonetheless valid since a writing was contemplated. The plaintiffs further argue that the court erred in finding that "[t]he parties always intended that a deposit be given to Chatfields to bind any agreement," claiming that this finding and the conclusions that follow have no support in the evidence or in law.

A finding of a material fact may be attacked as not supported by the evidence. The validity of such

a claim is tested by the evidence printed in the appendices to the briefs. Practice Book § 718; *State v. Vars,* 154 Conn. 255, 258, 224 A.2d 744. The appendices disclose the following evidence: Thurber Chatfield testified that he met with Klein, Feinson and Bertine, and asked for $35,000 for the property, but would have sold it for $28,000 at the meeting because there was a mortgage foreclosure proceeding. His lawyer, he testified, wanted the plaintiffs to give a check at the meeting, but the plaintiff Klein said that he did not have the money and so no agreement was reached because nobody came up with any money. He testified that later he had his lawyer draw up a written contract in duplicate, and that he and his brother signed both copies, but that they did not receive the $3000 deposit mentioned therein. Glen Chatfield testified that since no deposit was ever paid there was no contract. Lloyd Albin testified that he was informed by Chatfield that the Chatfields needed money and that there were negotiations but that there was "no deal, yet." Bertine testified that he did not remember all the details of the negotiations, and that this transaction "was in the embryo stage." He also testified that he did not keep a diary of particular transactions until they materialized and that he made no record of the negotiations. Feinson testified that all parties wanted a signed contract, and that one of the conditions that was agreed upon at the meeting of March 13, 1967, was that a $3000 deposit was to be paid at the time of the signing.

It is undisputed that, as the court found, "[a] deposit of $3000 was to be paid to the sellers at the time of the execution of the contract of sale." Moreover, the Chatfields were pressed for cash, wanted a deal quickly because of threats of foreclosure by

the first mortgagee and other creditors. The credibility of the witnesses and the weight to be accorded to their testimony are within the province of the trier of facts. The trier is privileged to adopt whatever testimony it reasonably believes to be credible. *Branford Sewer Authority* v. *Williams,* 159 Conn. 421, 424–25, 270 A.2d 546. "We do not retry facts or determine the credibility of witnesses." *Connecticut Bank & Trust Co.* v. *Hoberman,* 165 Conn. 362, 364, 334 A.2d 894. The challenged finding is supported by the evidence and must, therefore, stand.

A contract is not made so long as, in the contemplation of the parties, something remains to be done to establish the contractual relation. The law does not make a contract when the parties intend none, nor does it regard an arrangement as completed which the parties regard as incomplete. *New Haven Tile & Floor Covering Co.* v. *Roman,* 137 Conn. 462, 464, 78 A.2d 336. In construing the agreement of March 13, the decisive question is the intent of the parties as expressed. *Lake Garda Improvement Assn.* v. *Battistoni,* 160 Conn. 503, 511, 280 A.2d 877. The intention is to be determined from the language used, the circumstances, the motives of the parties and the purposes which they sought to accomplish. *Lake Garda Improvement Assn.* v. *Battistoni,* supra, 512, 513; *Fishman* v. *Stamford,* 159 Conn. 116, 127, 267 A.2d 443, cert. denied, 399 U.S. 905, 90 S. Ct. 2197, 26 L. Ed. 2d 560.

The trial court's conclusions are tested by the finding. *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645. The conclusions reached by the trial court must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of

law material to the case. *Johnston Jewels, Ltd.* v. *Leonard*, 156 Conn. 75, 79, 239 A.2d 500; *Craig* v. *Dunleavy*, 154 Conn. 100, 105, 221 A.2d 855.

Applying these principles of law to the facts found, we find that the trial court's conclusions that (1) the oral agreement of March 13 was that the Chatfields would make an offer and (2) the offer was withdrawn before acceptance were correct in law and consistent with the facts found.

There is no error.

In this opinion the other judges concurred.