MORNINGSIDE ASSOCIATION ET AL. *v.* MORNINGSIDE DEVELOPMENT, INC., ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued October 14—decision released December 7, 1976

*Robert R. Sheldon,* with whom, on the brief, was *T. Paul Tremont,* for the appellant (named defendant).

*Richard H. Lynch,* for the appellees (plaintiffs).

BOGDANSKI, J. The plaintiffs, Morningside Association et al., hereinafter the Association, brought an action to restrain the defendants, Morningside Development, Inc., hereinafter the Corporation, and Philip J. Tucciarone, from converting certain property into a public street. After a trial, the court rendered judgment in favor of the Association against the Corporation but in favor of the defendant Tucciarone. From that judgment the Corporation has appealed, assigning error in the court's refusal to find material facts; in its finding facts without evidence; in its reaching conclusions not supported by the finding; and in its overruling of the Corporation's claims of law.

On December 18, 1973, the defendant Tucciarone filed an application with the Milford planning and

zoning board for approval of a subdivision concerning lot No. 6 and the easterly ten feet of lot No. 7 as shown on a map entitled "Yale Land Co. Map of Morningside Property Pond Point Milford, Conn., 1912," and certain other property adjacent thereto. Part of the proposed subdivision, containing nine building lots, lay outside the limits of "Morningside." The property comprising the nine lots is landlocked except for the proposed access street over lot No. 6 and the easterly ten feet of lot No. 7 which would connect it with an existing street in "Morningside," Hilldale Road.

The plaintiff, a specially chartered association empowered to perform certain functions within the limits of "Morningside," was incorporated in 1921. Subsequent to its incorporation, the Association relinquished to the city of Milford its responsibilities for all governmental functions within "Morningside," including the maintenance of the streets contained therein. In fact, the Association's functions are presently limited only to the maintenance and control of certain social and recreational facilities.

At the time of the application, the Corporation had an option to purchase the described property. After the planning and zoning board approved the subdivision application, the Corporation purchased the property and began construction on it. The construction work was halted when the Corporation was served with a temporary injunction.

The trial court concluded that the subdivision constituted a resubdivision as defined by § 8-18 of the General Statutes, as it involved a change affecting a street layout shown on an approved map, and that the failure of the board to meet the notice

requirements of General Statutes § 8-26 invalidated its approval. The court further found that the 1972 amendment to the special charter of the Association was validly adopted in accordance with the provisions of the Home Rule Act, § 7-187—7-201 of the General Statutes. The Corporation contends that the trial court erred in arriving at those conclusions.

The Corporation has challenged the court's finding and its conclusions. Numerous paragraphs of the finding are attacked as having been found without evidence. Those findings, which are crucial to the Association's case, relate to the trial court's finding (a) that the Association's original charter of January, 1921, was amended effectively on July 15, 1972, and (b) that the approval of the subdivision without a public hearing, newspaper notices, or any notice to the Association, was invalid.

A finding of a material fact may be attacked as not supported by the evidence. The validity of such a claim is tested by the evidence printed in the appendices to the briefs. Practice Book § 628M; see, e.g., *State* v. *Vars,* 154 Conn. 255, 258, 224 A.2d 744; Maltbie, Conn. App. Proc. §§ 330, 331. This court will not look beyond the appendices to the briefs in order to find supporting evidence. Practice Book § 628Q; *Grodzicki* v. *Grodzicki,* 154 Conn. 456, 459, 226 A.2d 656. "It is the duty of the parties to print all material evidence in the appendices to their briefs." *Pass* v. *Pass,* 152 Conn. 508, 511, 208 A.2d 753; *Solari* v. *Seperak,* 154 Conn. 179, 183, 224 A.2d 529; *Cushing* v. *Salmon,* 148 Conn. 631, 632, 173 A.2d 543; *State* v. *Pundy,* 147 Conn. 7, 9, 156 A.2d 193. "[T]he testimony printed in the appendices shall be deemed to embrace all testimony produced at the trial material to the issues on the appeal, but

. . . the court may, if sufficient cause appears, consult the transcript of evidence on file to supplement or explain that printed. The court will not, however, ordinarily do this . . . . It is the duty of counsel to see that all necessary evidence is before the court." Maltbie, Conn. App. Proc. § 331. Findings of material fact not supported by the evidence or not based upon inferences reasonably drawn from the evidence must be stricken; Practice Book § 627; *Grodzicki* v. *Grodzicki,* supra, 460; and as the trial court's conclusions are tested by the finding; *Klein* v. *Chatfield,* 166 Conn. 76, 81, 347 A.2d 58; conclusions based on a stricken finding cannot stand. *Grodzicki* v. *Grodzicki,* supra.

In the present case, the Association filed no appendix setting forth evidence to support the attacked findings, and the Corporation's appendix recites no such evidence. As no supporting evidence was submitted, a reference by us to the transcript would be of no avail since there is no printed evidence to supplement or explain. We have no alternative but to conclude that the court's findings are not supported by the evidence and must therefore be stricken. *Grodzicki* v. *Grodzicki,* supra, 460.

There is error, the judgment is set aside and the case remanded with direction to render judgment for the named defendant.

In this opinion the other judges concurred.