## Edward P. Jennings *v.* Reale Construction Company, Inc.

House, C. J., Loiselle, Bogdanski, Longo and Healey, Js.

Argued January 10—decision released April 25, 1978

*Anthony J. Monterosso,* with whom, on the brief, was *Glenn L. Scholl,* for the appellant (defendant).

*Thomas F. McDermott, Jr.,* for the appellee (plaintiff).

ARTHUR H. HEALEY, J. The plaintiff, a subcontractor, instituted this action against the defendant, a general contractor, in three counts. The first count claimed a balance due on a contract between the parties; the second count claimed damages for loss of profits and additional expenses allegedly owing to the defendant's interference with the performance of the plaintiff's work; and the third count claimed damages for extra work and materials. The defendant filed a counterclaim which alleged essentially that because of the plaintiff's failure to complete his work by the contract date the defendant suffered a loss of rental income from two lessees and incurred additional expenses in supervising work called for in the contract. The court found for the plaintiff on each count of the complaint and found for the plaintiff on the counterclaim. The defendant has appealed from the judgment.[1]

The defendant's first two assignments of error attack the trial court's refusal to find certain facts and its refusal to reach certain conclusions which are included in the draft finding. This court may correct a finding which fails to include admitted or undisputed facts. Practice Book, 1963, § 627; *Salvatore* v. *Milicki,* 163 Conn. 275, 277, 303 A.2d 734. A fact is not admitted or undisputed merely because it is uncontradicted; *Freccia* v. *Martin,* 163 Conn. 160, 162, 302 A.2d 280; and "[t]hat a fact was testified to and was not directly contradicted by another witness is wholly insufficient." *Martin* v. *Kavanewsky,* 157 Conn. 514, 515, 255 A.2d 619;

---

[1] Although one of the assignments of error does refer to the counterclaim, the defendant has not briefed it and it is thereby considered abandoned. *Johnson* v. *Flammia,* 169 Conn. 491, 498, 363 A.2d 1048; *Gordon* v. *Indusco Management Corporation,* 164 Conn. 262, 265, 320 A.2d 811.

Practice Book, 1963, § 628 (c). To secure an addition to the finding the party seeking it must point to some part of the appendix, the pleadings, or an exhibit properly before us, which discloses that the other party admitted the truth of the fact or that its validity was conceded to be undisputed. *State* v. *Warren,* 169 Conn. 207, 214, 363 A.2d 91; *Walsh* v. *Turlick,* 164 Conn. 75, 77, 316 A.2d 759. The defendant has not done this and is not entitled, therefore, to have the finding corrected by adding to it any of the claimed paragraphs of the draft finding nor is it entitled to have any conclusions reviewed which are premised on facts not entitled to be added to the finding.

The defendant also assigns error to the finding of certain facts set forth in the finding. This assignment of error, attacking certain facts as having been found without evidence, includes facts which are crucial, particularly with reference to the third count which alleges the claim for extras. "A finding of a material fact may be attacked as not supported by the evidence. The validity of such a claim is tested by the evidence printed in the appendices to the briefs. Practice Book [1963] § 628M; see, e.g., *State* v. *Vars,* 154 Conn. 255, 258, 224 A.2d 744; Maltbie, Conn. App. Proc. §§ 330, 331. This court will not look beyond the appendices to the briefs in order to find supporting evidence. Practice Book [1963] § 628Q; *Grodzicki* v. *Grodzicki,* 154 Conn. 456, 459, 226 A.2d 656. 'It is the duty of the parties to print all material evidence in the appendices to their briefs.' *Pass* v. *Pass,* 152 Conn. 508, 511, 208 A.2d 753; *Solari* v. *Seperak,* 154 Conn. 179, 183, 224 A.2d 529; *Cushing* v. *Salmon,* 148 Conn. 631, 632, 173 A.2d 543; *State* v. *Pundy,* 147 Conn. 7, 9, 156 A.2d 193. '[T]he testimony printed in the appen-

dices shall be deemed to embrace all testimony produced at the trial material to the issues on the appeal, but . . . the court may, if sufficient cause appears, consult the transcript of evidence on file to supplement or explain that printed. The court will not, however, ordinarily do this. . . . It is the duty of counsel to see that all necessary evidence is before the court.' Maltbie, Conn. App. Proc. § 331. Findings of material fact not supported by the evidence or not based upon inferences reasonably drawn from the evidence must be stricken; Practice Book [1963] § 627; *Grodzicki* v. *Grodzicki,* supra, 460; and as the trial court's conclusions are tested by the finding; *Klein* v. *Chatfield,* 166 Conn. 76, 81, 347 A.2d 58; conclusions based on a stricken finding cannot stand. *Grodzicki* v. *Grodzicki,* supra." *Morningside Assn.* v. *Morningside Development, Inc.,* 172 Conn. 60, 63, 64, 372 A.2d 141. At this point it should be pointed out that the plaintiff refers to Practice Book, 1963, § 628M, which provides in part that "if a party claims that the trial court found a material fact without evidence, he may either state that claim in his brief and print no evidence or he may print all relevant evidence." The plaintiff maintains that because the defendant has printed no evidence only those assignments of error attacking certain facts as found without evidence and attacking certain conclusions reached "should be considered in this appeal." The plaintiff has failed to print an appendix containing any evidence supporting any of the facts attacked and, under our rule in Practice Book, 1963, § 628M, this requires that they be stricken. *Morningside Assn.* v. *Morningside Development, Inc.,* supra. Under this rule, where an appellant claims that a material fact was found without evidence and states that claim in his brief, but does not print the relevant

evidence, the burden of printing the evidence to show that no error was committed is placed on the appellee. As we said in *Engelke* v. *Wheatley,* 148 Conn. 398, 411, 171 A.2d 402, "[t]he rule in effect relieves the appellant of the burden, with regard to such an assignment, of showing that there was error, even though logically he should have this burden. The justification for the rule lies in the fact that no other rule is practical or feasible." The necessity and rationale for this rule has also been explained in *Cushing* v. *Salmon,* 148 Conn. 631, 633, 173 A.2d 543, where we said that "when the issue is raised whether the evidence supports a particular material finding, the party who attacks that finding is entitled to know, and this court is entitled to know, on what evidence the appellee relies. Only in that way can the issue be fully, properly and effectively presented in brief and argument before us." Because no supporting evidence is before us in an appendix, any reference by us to the transcript would not avail the plaintiff as there is no printed evidence to supplement or explain. *Morningside Assn.* v. *Morningside Development, Inc.,* supra. Therefore, the facts attacked as having been found without evidence must be stricken from the finding under the rules applicable to cases tried to the court as set out above.

The finding, as corrected, now discloses the following material facts: On June 14, 1971, the plaintiff, Edward P. Jennings (Jennings), and the defendant, Reale Construction Company, Inc. (Reale), entered into a contract in which Jennings agreed to perform plumbing work, including labor and materials required, in the construction of a shopping center in Barkhamsted. The total contract price for the labor and materials necessary to

perform the plumbing services required under the contract was $41,000. The contract further provided that October 1, 1971, was the scheduled completion date. Under this contract, the plaintiff agreed to do the work required according to the requirements of two books of specifications made available for the inspection of any and all subcontractors of Reale. One of these specifications required Jennings, as a subcontractor, to inspect and familiarize himself with the construction site. When Jennings examined the site to submit his bid, there was no water problem on the site. Jennings was anxious to complete all his obligations under the contract. He was delayed in performing his work under the contract because Reale failed to prepare properly the job site, to prepare properly and allocate work areas for the plaintiff, and to excavate properly and prevent accumulation of water in trenches. While Jennings was required to lay out the location of the ditches, he was not responsible for digging them nor to supervise the digging of them. It was the responsibility of the general contractor to coordinate the entire project. There were only three job meetings during the construction of the project. Reale, in August, 1971, had difficulty meeting its payment requirements under the contract. Reale had paid Jennings the sum of $35,368.65 under its contract with Jennings and owed Jennings a balance of $5,631.35 under the contract. Jennings' total labor costs for the project were $28,497.50 and his total material costs thereon were $28,134.26.

There is no error in the judgment on the first count. This is so because the unattacked finding requires that result. The trial court found that the total contract price was $41,000, that Reale had

already paid Jennings the sum of $35,368.65 under its contract and that the balance owed the plaintiff was $5,631.35.

Turning now to the second count, it was there that Jennings claimed damages for loss of profits under the contract and for additional expenses owing to delays alleged to have been sustained by reason of Reale's wrongful interference with, "and/or" obstruction of, his performance under the contract. The trial court's conclusions involving the second count to which Reale assigns error are those which concluded that Reale failed properly to prepare the construction site, which was his responsibility as general contractor, that Reale caused delay in the completion of Jennings' work by altering and changing the original plans and specifications, and that Jennings was obligated to expend sums of money for additional materials and services above the contract price and had a job overrun of $11,446.02 because of the hindering and delay caused by Reale.

The conclusion that Reale caused delay in the completion of Jennings' work "by altering and changing the original plans and specifications" cannot stand. The trial court's conclusions are tested by the finding. *Klein* v. *Chatfield*, 166 Conn. 76, 80, 347 A.2d 58; *Brauer* v. *Freccia*, 159 Conn. 289, 293, 268 A.2d 645. Those findings crucial to this conclusion have already been stricken. A conclusion based upon a stricken finding cannot stand. *Barrett-Nonpareil, Inc.* v. *Stoll*, 168 Conn. 79, 82, 357 A.2d 481; *Grodzicki* v. *Grodzicki*, 154 Conn. 456, 460, 226 A.2d 656. The attack upon the court's conclusion that Reale "failed to properly prepare the

construction site which was his duty as general contractor" must fail as this conclusion is supported by the finding. Conclusions logically supported by the finding must stand. *Connecticut Coke Co.* v. *New Haven,* 169 Conn. 663, 675, 364 A.2d 178; *Freccia* v. *Martin,* 163 Conn. 160, 164, 302 A.2d 280. It is significant that Reale has not assigned error in the trial court's conclusion that Jennings could have completed his work in the allotted contract time by October 1, 1971, but for Reale's failure properly to coordinate the progress of the work done by other subcontractors. This unattacked conclusion gains added significance, not only from Reale's allegation in its special defense of Jennings' failure to complete his work on or before October 1, 1971, but especially from the allegation in that special defense that the contract provided that it was to be completed on or before October 1, 1971, and that "[t]ime is of the essence." This conclusion, together with the conclusion that Reale failed properly to prepare the construction site, is sufficient to support a judgment of liability on the second count for Jennings.

The final attack is upon the court's conclusion that Jennings "was obligated to expend sums of money for additional materials and services above the contract price and had a job overrun of $11,446.02 due to the hindering and delay caused by defendant." "It is our duty to construe the finding as a whole and to give it a reasonable construction." *Rosenberg* v. *Planning Board,* 155 Conn. 636, 642, 236 A.2d 895, Maltbie, Conn. App. Proc. § 135. Having done so, we find that the finding supports this conclusion, except as to the amount of damages awarded, i.e., $11,446.02. *Connecticut Coke Co.* v. *New Haven,* supra.

The power of this court to remand a case for a new trial where error is found is unqualified. General Statutes § 52-265; *Thomas F. Rogers, Inc.* v. *Hochberg,* 143 Conn. 22, 25, 118 A.2d 910. A new trial may be ordered on the issue of damages where the facts found compel judgment for the plaintiff but were insufficient to show the amount of damages. *Goldman* v. *Coppola,* 149 Conn. 317, 329–330, 179 A.2d 817.

There is error in part, the judgment is affirmed except as to the second and third counts; as to the second count, the case is remanded for a new trial limited to the issue of damages, and as to the third count, the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.