### STATE OF CONNECTICUT *v.* ANONYMOUS (1971–7)*

#### APPELLATE DIVISION OF THE CIRCUIT COURT

CASALE, J.  The defendant, after a trial to the court, was found guilty on an information charging him with the crime of changing the reading of the odometer of a motor vehicle on or about December 19, 1969, in violation of Public Acts 1969, No. 131, which amended General Statutes § 14-145, effective October 1, 1969.[1]  General Statutes § 2-32.

Section 14-145, as amended, reads in relevant part: "[N]o person or his agent, with intent to sell or otherwise dispose of any motor vehicle, shall turn back or change the reading on the odometer of such motor vehicle."

The finding which, for the most part is unchallenged by the defendant, discloses the following factual situation.  In June, 1969, a 1965 Chevrolet station wagon was transferred to a motors company.  At that time the odometer of this motor vehicle registered about 76,000 miles.  In August, 1969, the same vehicle was displayed on the company

---

* Thus entitled, in view of General Statutes § 54-90.

[1] Section 14-145 of the General Statutes was further amended by Public Acts 1969, No. 417, but the amendment made by Public Act No. 131 was left unchanged.

premises and was advertised for sale for $1000, with the odometer registering about 38,000 miles. On or about December 19, 1969, this vehicle was advertised for sale for $795, and in response to the advertisement, on December 19, 1969, a prospective buyer went to the company premises and discussed the vehicle with a salesman. On that date the odometer registered about 39,000 miles. The salesman named the previous owner of the vehicle, which was not purchased. The defendant at all times heretofore mentioned was president of the motors company.

From those facts, the trial court arrived at the following conclusions: (1) The vehicle in question was in the possession of the motors company from June, 1969 to December 19, 1969. (2) The defendant was the president and duly authorized agent of the company. (3) The odometer of the vehicle was turned back during this period by the defendant or his agent with intent to sell. (4) On December 19, 1969, the vehicle, with its odometer turned back from its original mileage of 76,000 miles to about 39,000 miles, was displayed with intent to sell. (5) The defendant was guilty beyond a reasonable doubt of violating § 14-145, as amended.

The defendant moved to correct the finding by striking conclusions (3), (4) and (5) and by adding to the finding a paragraph stating that the odometer was not turned back on or after October 1, 1969. The court denied the motion to correct in toto, and the denial is assigned as error by the defendant.

Upon the assignment that the court erred in finding the defendant guilty, we determine from the entire evidence whether the court erred in holding that guilt was established beyond a reasonable doubt, and it is not necessary to consider in detail the other claims of error directed to the finding. *State* v. *Pundy,* 147 Conn. 7, 8.

Two elements make up the offense charged here under § 14-145, as amended: (a) turning back or changing the reading of the odometer of a motor vehicle, and (b) committing that act with intent to sell or otherwise dispose of the vehicle. To gain a conviction, both elements must be shown to have been committed on or after October 1, 1969, the effective date of § 14-145, as amended. Prior to the enactment of the 1969 Public Act No. 131, amending § 14-145, it was not unlawful for the owner of a motor vehicle to turn back or change the reading of the odometer thereof preparatory to selling or otherwise disposing of the vehicle.

Upon the conclusion of the state's evidence, the defendant rested without offering any evidence.

It is settled law that a person shall not be convicted on mere conjecture or speculation. "The trier may not reach a conclusion of guilt where the facts, established by the evidence, including those reasonably and logically inferred from other proven facts, are rationally consistent with the innocence of an accused. A conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which it tends to support, and is consistent with the defendant's guilt and inconsistent with any other rational conclusion. *State* v. *Smith,* 138 Conn. 196 . . . ." *State* v. *Foord,* 142 Conn. 285, 295.

As was found by the trial court, the odometer was turned back while the motor vehicle was in the possession of the defendant's company. No direct evidence was offered establishing the precise date when the odometer was turned back from 76,000 miles, and the only evidence offered on the subject of changing the reading of the odometer was that when the company acquired the vehicle in June, 1969, the odometer was at 76,000 miles; that in

August, 1969, while the vehicle was displayed for sale, the odometer showed a reading of about 38,000 miles; and that on December 19, 1969, it showed a reading of about 39,000 miles.

Although the trial court might have reasonably inferred from this evidence that the company turned back the odometer from 76,000 miles to 38,000 miles between June and August, 1969, there was no evidence whatever from which it could logically and reasonably infer that the change was made on or after October 1, 1969.

We are constrained to hold that the state failed to meet the burden of proof required to sustain a conviction and that the court erred in concluding guilt had been established beyond a reasonable doubt.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion DiCenzo and Kinmonth, Js., concurred.