THE CONNECTICUT BANK AND TRUST COMPANY, COEXECUTOR (ESTATE OF PERCY ROTHWELL) *v.* HARVEY HOBERMAN, CONSERVATOR (ESTATE OF ELLEN P. ROTHWELL) AND ADMINISTRATOR D.B.N., C.T.A. (ESTATE OF PERCY ROTHWELL)

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 4—decided October 24, 1973

*Elliott B. Pollack,* with whom, on the brief, were *Harvey Hoberman* and *Joel N. Sable,* for the appellants (defendants).

*Ralph C. Dixon,* for the appellee (plaintiff).

PER CURIAM. A predecessor of the plaintiff trust company was coexecutor under the will of Percy Rothwell which was admitted to probate in Hartford in 1945. Rothwell's widow, Ellen, the ward of the defendant conservator, was coexecutrix and the sole residuary beneficiary under the will. The administration account was approved in 1951 and the residue of the estate was ordered by the Hartford Probate Court to be distributed to Ellen Rothwell. Nearly seventeen years later, in late December, 1967, Mrs. Rothwell inquired at the Hartford Probate Court as to why the residue of the estate had not been distributed to her. The records of the Hartford Probate Court disclosed that no return of payment had ever been filed there respecting payment of the residue to Mrs. Rothwell. That court thereupon directed the plaintiff to file a return of payment. This was done in April, 1968, but the Probate Court refused to accept it. The plaintiff then filed a supplemental administration account claiming distribution of the residue to Mrs. Rothwell in 1951, paid in three installments. The Probate Court found the claimed credit for distribution to be erroneous and ordered the plaintiff to restore the amount of the residue to the estate, with interest. The plaintiff appealed this order to the Superior Court in Hartford County which rendered judgment for the plaintiff, finding that it had sustained the burden of proving that the residue of the estate had in fact been paid to Mrs. Rothwell pursuant to and in accordance with the order of the Hartford Probate Court dated March 26, 1951, and that payment had been received by her. Mrs. Rothwell did not testify in the proceedings. She was committed to Norwich State Hospital on May 2, 1968, and the defendant Hoberman was appointed conservator for

her, the grounds for the appointment being her mental illness, physical infirmities and excessive use of intoxicants.

The record amply supports the judgment of the court which is fully supported by the unattacked finding of fact that Alfred Bengston, a trust officer of the plaintiff's predecessor bank, in 1951, personally gave to Mrs. Rothwell each of three checks representing, in total, payment of the entire residue of the estate. Although the canceled checks of the trust company had been destroyed in 1962, Mr. Bengston was available as a witness and testified to the payment. His testimony was corroborated by the general estate records and principal ledger of the trust company which, as business entries, were properly admitted in evidence under the provisions of § 52-180 of the General Statutes. "We do not retry facts or determine the credibility of witnesses." *French* v. *Oberreuter,* 157 Conn. 181, 184, 251 A.2d 67.

There is no error.