DREW EBERSON *v.* RAYMOND C. GALVIN

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 9—decided December 6, 1973

*Louis J. Mattioli,* for the appellant (defendant).

*Nicholas E. DeNigris,* with whom, on the brief, was *Frederick W. Odell,* for the appellee (plaintiff).

PER CURIAM. This is an appeal from a judgment awarding damages to the plaintiff, an architect, for services rendered in accordance with his contract with the defendant to design and furnish plans for a motion picture theater in the town of Plainville. The sole issue presented is whether the court erred in basing such an award upon plans which admittedly failed to conform to the zoning regulations of the town of Plainville by finding that the defendant

instructed the plaintiff to draw the plans in that manner and that the contract as well as specific instructions by the defendant placed the responsibility of obtaining zoning approval squarely upon the defendant.

The defendant's brief, liberally construed, can be interpreted as raising the above issues by pressing his somewhat general claim that the court erred "[i]n rendering judgment for the Plaintiff when the conclusions reached by the court do not support it in that the Plaintiff did not establish his performance under the terms of the contract, which performance was necessary for rendering judgment on behalf of the Plaintiff." The remaining assignments of error specifically addressed to the finding, not having been briefed, are treated as abandoned. *Housing Authority* v. *Dorsey,* 164 Conn. 247, 249, 320 A.2d 820; Maltbie, Conn. App. Proc. § 327.

It is not necessary to give a detailed statement of the facts, most of which are undisputed. The court's basic conclusions that the defendant assumed the duty of obtaining zoning approval for the site plans and project design, and that the plaintiff completed all the work which he was obliged to do under the contract through its so-called construction document phase were amply supported by the findings of fact. These findings, in turn, including those which might be considered as challenged by the defendant's general assignment of error were amply supported by the evidence printed in the appendix to the plaintiff's brief. The trial judge had before him the written contract of the parties as well as their oral testimony with respect to which credibility was an important consideration. As this court frequently has observed, "[w]e do not retry facts or determine the

credibility of witnesses." *French* v. *Oberreuter,* 157 Conn. 181, 184, 251 A.2d 67; *Connecticut Bank & Trust Co.* v. *Hoberman,* 165 Conn. 362, 364, 334 A.2d 894.

With respect to the computation of the amount owing to the plaintiff under the contract, the findings upon which the judgment for $9432 was computed were not attacked by the defendant and the computation was supported by the finding.

There is no error.