SARKIS KALFAYAN *v.* JOSEPH CAVOTO

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 127

Argued June 15—decided October 8, 1976

*Eric M. Gross,* for the appellant (defendant).

*Cordalie Benoit,* for the appellee (plaintiff).

PER CURIAM. In the first count of his complaint the plaintiff alleged that on March 31, 1966, the defendant owed him $1442.12 to balance the book account and that the "debt was owed for labor, materials, goods and merchandise furnished and delivered by the plaintiff to the defendant at the request of the defendant." Although demand for payment was made, the debt remained unsatisfied. The second count alleged that on the same date an account for $1442.12 was stated between the parties, that the defendant agreed to pay the sum stated, and that no part of that sum has been paid nor has interest due thereon been paid.

The plaintiff filed a statement in response to the defendant's motion for a more specific statement. The defendant then moved for a nonsuit, claiming that the plaintiff's compliance was insufficient. The court granted the motion for nonsuit "for failure to properly comply with court order." Shortly thereafter, the plaintiff moved to open the judgment of nonsuit. That motion was granted and the matter proceeded to trial where the court rendered judgment for the plaintiff on the first count and judgment for the defendant on the second count.

The defendant has appealed, assigning as error the setting aside of the nonsuit and the denial of a subsequent motion for nonsuit. Section 52-212 of the General Statutes[1] provided that a judgment of nonsuit may be opened. See also Practice Book § 286. A motion to open a judgment of nonsuit should be granted only if "the court, in its sound

---

[1] "[General Statutes] Sec. 52-212. REOPENING JUDGMENT UPON DEFAULT OR NONSUIT. Any judgment rendered or decree passed upon a default or nonsuit in the superior court, the court of common pleas or the circuit court may be set aside, within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good

discretion, found that the defendant had shown 'reasonable cause' . . . ." *Jaquith* v. *Revson*, 159 Conn. 427, 431.

This court is precluded from reviewing the court's conclusion upon the facts relating to the opening of the judgment of nonsuit. A finding is necessary to review the court's conclusion upon the facts. Practice Book § 567A. In this appeal the record contains neither a finding of the court on the opening of the judgment of nonsuit nor a transcript with regard to that particular proceeding. We cannot assume that the court did not find reasonable cause to open the judgment of nonsuit and, absent evidence designated in the record, we cannot find an abuse of discretion.

The defendant claims error in the court's denial of his subsequent motion for nonsuit based upon the plaintiff's failure to file a sufficient more specific statement. For us to consider this claim requires that we examine both the motion for a more specific statement and the statement itself, but neither has been designated in the record. It is the responsibility of the appellant to designate in the record any parts of the file which are necessary to review his claims on appeal. Practice Book § 554.

The defendant further assigns as error the failure of the court to correct its finding by adding or deleting certain findings of fact or conclusions. To secure an addition to or a deletion from the finding it is necessary for the defendant to point to some

cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting or making the same. Such complaint or written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or defendant failed to appear. . . ." (Public Acts 1967, No. 849.)

part of the transcript or to a pleading or an exhibit which discloses that the plaintiff admitted that the fact in question was true or that the truth was conceded to be undisputed. *Barnini* v. *Sun Oil Co.,* 161 Conn. 59, 60. All of the corrections sought are in dispute.

The final assignment of error attacks the conclusion of the court that the judgment was supported by the evidence. An unattacked finding of the court reveals that "[t]he defendant admitted he was indebted to the plaintiff." There is substantial evidence to support the court's conclusion that the defendant was indebted to the plaintiff in the amount of $1177.12 for labor, goods and merchandise sold to the defendant.

There is no error.

SPEZIALE, PARSKEY, and SPONZO, Js., participated in this decision.