MEMORANDUM OF DECISION
 I.
On August 28, 1998, the respondents, whose parental rights were terminated by this court on November 10, 1997, filed a motion entitled Motion to Reopen (sic)[2] Judgment and a Petition for New Trial. The motions were heard on October 7, 1998. The lawyers for the respondents made representations to this court through oral argument but made no attempt to offer evidence in support of their motions. "It is well settled that representations of counsel are not, legally speaking, `evidence'." Cologne v. Westfarms Associates, 197 Conn. 141,154 (1985). CT Page 11452
Counsel made reference to a decision in other criminal proceedings, but no attempt was made to introduce the decision or request for the court to judicially notice the decision. Counsel made reference to testimony in the other proceeding, but no attempt was made to offer transcripts of the testimony into evidence. No witnesses were called to testify.
 The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial. Kubeck v. Foremost Foods Co., 190 Conn. 667, 670, 461 A.2d 1380 (1983); Burr v. Lichtenheim, 190 Conn. 351, 355, 460 A.2d 1290 (1983); Pass v. Pass, 152 Conn. 508, 511, 208 A.2d 753 (1965). This strict standard is meant to effectuate the underlying "equitable principle that once a judgment is rendered it is to be considered final," and should not be disturbed by posttrial motions except for a compelling reason. Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 707, 713, 462 A.2d 1037 (1983); see In re Juvenile Appeal (83-DE), 190 Conn. 310, 318, 460 A.2d 1277
(1983). In determining the potential impact of new evidence, the trial court must weigh that evidence in conjunction with the evidence presented at the original trial. Kubeck v. Foremost Foods Co., supra, 669. It is within the discretion of the trial court to determine, upon examination of all the evidence, whether the petitioner has established substantial grounds for a new trial, and the judgment of the trial court will be set aside on appeal only if it reflects a clear abuse of discretion. Id., 670.
 Asherman v. State, 202 Conn. 429, 434 (1987) 521 A.2d 578
The respondents have failed to demonstrate anything by a preponderance of the evidence since they offered no evidence whatsoever. For that reason alone, their motions should be denied.
 II.
Giving the respondents the benefit of the arguments advanced by counsel on October 7, 1998, and further assuming that the CT Page 11453 representations of the respondents as set forth in the "Respondent-Parents' Petition For New Trial" are all true and could be proven by the offer of competent evidence, this court is not convinced that the proffered evidence is in fact new or, more importantly, that the evidence would likely produce a different result in the termination of parental rights trial.
First, it is axiomatic in the law that even if the respondents in the criminal case were found not guilty, that is not necessarily a finding of their innocence. It is a finding that the trial court in that case was not convinced beyond a reasonable doubt of their guilt. Since the parents did not introduce a copy of the decision of the trial court in the criminal proceedings, this court is unaware of the findings of that court. It is clear however, that the charges in that case were criminal charges, the parties in that criminal action were different than the parties in the civil termination of parental rights proceeding, and the standard of proof in the criminal proceedings is greater than that in the civil proceedings.
The respondents argue that the statements of Carol Brooks, a key witness in the termination of parental rights trial, admitted to "committing perjury in the Juvenile Court"[3]. In the first instance, it is fair to say, that Carol Brooks did not appear in the Superior Court for Juvenile Matters, Child Protection Session trial, flying under false colors. The trial court was aware that the witness had pending criminal charges against her prior to her arrest in the so called Baby Selling case. She had a history of drug addiction, of obtaining controlled substances by fraud, that her own child had been removed from her by the Department of Children and Families and that she had given several different stories to the police in conjunction with this pending case that were at extreme variance to her testimony in court. She was not presented to the court as a tabernacle of virtue and veracity. Indeed, she was presented as a person with a great deal of personal emotional baggage. Nonetheless, this court found her testimony plausible, consistent and supported by the independent testimony of numerous other witnesses and other documentary evidence. The respondents' account of how their child was taken from them while the two of them huddled for five minutes in the bathroom for a cigarette break is so implausible as to invite disbelief.
The three instances of inconsistencies, or misrepresentations, or even perjury, as characterized by the CT Page 11454 respondents, are of such insignificance in the scheme of the entire testimony and evidence offered at the termination trial, that they would not, even if known at the time, alter this court's findings regarding the transfer of the child from the father to Carol Brooks. Whether she observed James L. at the Value Mart with Jerry Petrovits, has no particular significance that has a proof of any relevent thing.
The respondents, in paragraph 6 of their petition state: "Statements of other witnesses in the criminal court purportedly differ from those given in the Juvenile trial, such that the cumulative effect of such statements could probably produce a different result." In their argument before this court, there was not even a representation made or implied to support this statement.
In summary, the respondents have failed to offer any evidence whatsoever to support their claim for a new trial. The claims of the respondents do not support a finding of newly discovered, relevant evidence. And lastly, even the representations made by counsel, if proven, would not produce a different result in a new trial.
For the foregoing reasons, the Motion to Open and the Petition for New Trial are hereby denied.
Foley, J.