[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR A NEW TRIAL
The defendant was convicted on July 24, 2000 after a jury trial, of assault first degree in violation of §§ 53a-8 and 53a-59(a)(5) of the Connecticut General Statutes, and conspiracy to commit assault, first degree, in violation of §§ 53a-48 and 53a-59(a)(5) of the Connecticut General Statutes. On the same day, after a court trial held contemporaneously with the jury trial, this court found the defendant CT Page 15961 guilty of criminal possession of a firearm, in violation of § 53a-217c
of the Connecticut General Statutes. This court also found the defendant in violation of § 53-202k of the Connecticut General Statutes. The case was then continued to September 15, 2000 for sentencing.
Based on the evidence offered at trial, the jury and the court could reasonably have found the following facts: There were two drug selling groups doing business in the area of the intersection of Poplar Street and Saltonstall Avenue in New Haven. The defendant was a member of the group which sold drugs on Saltonstall Avenue, and a man named Clifton Portee was a member of the group which sold drugs on Poplar Street. A day or two prior to June 6, 1996, a dispute of some sort arose between the two groups. On that date at about 9:24 p.m. the defendant, accompanied by another man, fired six shots from a 9mm semi-automatic pistol at Clifton Portee as he sat on the front porch of 110 Poplar Street. Mr. Portee was not injured in the attack, but several bullets entered the home at 110 Poplar Street, one of which struck an eighteen month old infant, Michael Goodhue, who was in the front room of the first floor apartment, in the lower right leg. In connection with the proof of a violation of §53a-217c, the court heard evidence that the defendant had previous felony convictions. This evidence, if accepted by the jury and the court, was sufficient to support the aforesaid verdicts and findings.
Mr. Portee's connection to the shooting was known by the New Haven police but he was uncooperative with respect to the investigation, and no statement was given by him, nor was he ever interviewed by the police. Prior to, and during the trial the prosecution and the defendant attempted to subpoena Mr. Portee, but he could not be located and their efforts were unsuccessful. There was evidence which indicated that Mr. Portee was aware that the parties were trying to subpoena him, but he succeeded in eluding service. He did not testify at the trial.
On August 14, 2000, the defendant filed a motion for a new trial pursuant to Practice Book Section 42-53. This motion was based on a claim of newly discovered evidence. At a hearing on this motion on September 15, 2000, both parties agreed that Practice Book Section 42-55 provides that a claim of newly discovered evidence, made after verdicts, must be made by way of a petition for a new trial pursuant to § 52-270 of the Connecticut General Statutes. Therefore, the motion before the court was procedurally defective. However, both parties stipulated, with permission of the court, that the court should hear the motion for a new trial, but treat it as a petition for a new trial based on newly discovered evidence pursuant to § 52-270. and to apply both the procedural and substantive law with respect to a petition for a new trial. The motion for a new trial was scheduled for a hearing on October 4, 2000, and sentencing was continued pending a decision by the court on that motion. CT Page 15962
As indicated above, the parties have stipulated that the defendant's motion for a new trial is to be treated by the court as a petition for a new trial pursuant to § 52-270 of the Connecticut General Statutes. That statute provides in pertinent part:
 Causes for which new trials may be granted. (a) The Superior Court may grant a new trial of any action that may come before it, for . . . the discovery of new evidence . . . or for other reasonable cause, according to the usual rules in such cases.
In this case the newly discovered evidence is the testimony of Clifton Portee, who was the target of the shooting.
 The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial. Kubeck v. Foremost Foods Co., 190 Conn. 667, 670, 461 A.2d 1380 (1983); Burr v. Lichtenheim, 190 Conn. 351, 355, 460 A.2d 1290 (1983); Pass v. Pass, 152 Conn. 508, 511, 208 A.2d 753 (1965). This strict standard is meant to effectuate the underlying "equitable principle that once a judgment is rendered it is to be considered final," and should not be disturbed by posttrial motions except for a compelling reason. Steve Viglione Sheet Metal Co. v. Sakonchick, 190 Conn. 707, 713, 462 A.2d 1037 (1983); see In re Juvenile Appeal (83-DE), 190 Conn. 310, 318, 460 A.2d 1277
(1983). In determining the potential impact of new evidence, the trial court must weigh that evidence in conjunction with the evidence presented at the original trial. Kubeck v. Foremost Foods Co., supra, 669. It is within the discretion of the trial court to determine, upon examination of all the evidence, whether the petitioner has established substantial grounds for a new trial, and the judgment of the trial court will be set aside on appeal only if it reflects a clear abuse of discretion. Id., 670. Asheman v. State, 202 Conn. 429, 434 (1987).
CT Page 15963
In the opinion of the court, the defendant has proven that the testimony of Mr. Portee is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence, that it would be material on a new trial, and that it is not merely cumulative. However, he has failed to prove by a preponderance of the evidence that the newly discovered evidence is likely to produce a different result in a new trial.
With respect to the issue of whether the evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence, the evidence at the hearing on the motion disclosed that, until August 1, 2000, Mr. Portee had never given a statement or talked to anyone about what he saw the night of the shooting. Therefore the defendant did not know whether the evidence would be exculpatory or not. More importantly, even if the defendant knew what the testimony might be, Mr. Portee could not be found in time to be a witness at the trial. As earlier stated, both parties were attempting to subpoena Mr. Portee, and despite reasonable efforts by both sides to serve him, they were unsuccessful. The evidence further disclosed that Mr. Portee had been confined at the New Haven Correctional Center from July 20 to August 3, 2000. The defendant, who was free on bond during the trial, was convicted on July 24, 2000, was unable to post the increased bond, and was confined at the same correctional center as Mr. Portee commencing on the day of conviction. A day or two after July 24, the defendant notified his wife that Mr. Portee was also confined at the correctional center. Mrs. Brown then notified defense counsel who interviewed Mr. Portee on August 1, 2000. The defendant has proven that the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence.
With respect to the requirements that the newly discovered evidence must be material and not cumulative, the state offered evidence during the trial of the defendant's activities moments before the shooting and moments after the shooting, and, based on that, and other evidence, asked the jury, and the court, to draw the inference that the defendant was the shooter. There was no direct evidence identifying the defendant as the shooter. At the hearing on the motion, Mr. Portee testified that he was sitting on the porch of 110 Popular Street when four men appeared in the street in front of him, three of them pulled guns, and as he ran he heard ten or twelve shots. He testified that the defendant was not one of the four men. This is clearly material evidence which is not cumulative.
Finally, on a petition for a new trial, the petitioner can succeed only if he is able to prove, by a preponderance of the evidence, that the newly discovered evidence is likely to produce a different result in a CT Page 15964 new trial.
 Whether a new trial should be granted does not turn on whether the evidence is such that the jury could
extend credibility to it. A petition for a new trial is a civil action. The plaintiff has the burden of proof, by the preponderance of the evidence. "A petition will never be granted except on substantial grounds." State v. Grimes, supra, 325. The plaintiff must persuade the court that the new evidence he submits will probably, not merely possibly, result in a different verdict at a new trial, or that an injustice has been done. Pradlik v. State, 131 Conn. 683, 686, 41 A.2d 906. It is not sufficient for him to bring in new evidence from which a jury could find him not guilty-it must be evidence which persuades the judge that a jury would find him not guilty. Lombardo v. State, 172 Conn. 385, 390 (1977).
As indicated earlier, the court finds that the newly discovered evidence is not likely to produce a different result in a new trial. The newly discovered evidence is limited to the testimony of Mr. Portee. The court did not find Mr. Portee to be a credible witness, and does not believe that a jury would find him credible. He is a twice convicted felon whose testimony was evasive, inconsistent, and not believable, and in many respects, his testimony was contradicted by more credible witnesses.
The court does not feel it is necessary to relate all of the evidence which causes the court to find that Mr. Portee was not a credible witness, and which causes the court to find that a jury would find Mr. Portee not to be a credible witness. A few examples should suffice.
Mr. Portee testified that he was not a drug dealer and that he merely was sitting on the porch at 110 Poplar Street waiting for Santa Figueroa to come out. This evidence was contradicted by Santa Figueroa, the taped statement of Miranda Reed, and Estacy Riguelmy.
Portee's testimony concerning how the shooting occurred was contrary to the trial testimony of two defense witnesses, Annette Ayala and Luz Gonzalez.
The most significant testimony given by Mr. Portee was that the defendant was not one of the four men he saw in front of 110 Poplar Street moments before the shooting started. This testimony was contradicted by the testimony of Robert Massey, who was Mr. Portee's CT Page 15965 probation office. Mr. Massey testified that, in a conversation at the probation office on September 19, 2000, Mr. Portee had said that he was not sure that the defendant was not present at the time of the shooting, that he could have been there, and that he could not rule out whether or not the defendant had been present. Mr. Portee had flatly denied that he ever made such remarks to Mr. Massey. While Mr. Massey did not testify that Mr. Portee told him that the defendant was at the scene, but only that he did not know whether or not the defendant was present, this evidence was contrary to Mr. Portee's testimony before this court that the defendant was not present at the scene. This evidence was given by Mr. Massey after he refreshed his recollection by looking at his notes, and stating that that is what he noted in his notes from that day's visit. Mr. Massey was a very credible witness.
Mr. Portee testified that at the time of the shooting he was not under house arrest from a previous juvenile matter or, that because he was in violation of the terms of his house arrest by being out on Poplar Street at the time of the shooting, he was subsequently arrested on that violation. All of this testimony was contradicted by Michael Zuccarelli, a Lead Juvenile Probation Officer in the Supervision Unit in New Haven.
Certain testimony given by Mr. Portee, while not specifically contradicted by other evidence, in the context of all the evidence, just was not believable. He testified that he hung around 110 Poplar Street but was unaware of the rivalry between the two competing drug groups, or that the shooting was in connection with a dispute between the two groups. He gave no explanation of why he was the target of the gunmen. In the court's opinion the evidence that the shooting was the result of an ongoing dispute between two competing drug groups, that Mr. Portee was a member of one of the groups, which is why he was the target of the shooting, and that the defendant was a member of the other group, was overwhelming.
Mr. Portee testified that he had never in his life talked to the defendant, that he had not seen him in almost four and one half years, and that he didn't even know that the defendant was incarcerated with him at the New Haven Correctional Center following the defendant's conviction, or did he know that the defendant had been convicted until he was so advised by the defendant's attorney when he was interviewed on August 1, 2000. When one considers all of the circumstances of this case, it is difficult to believe that there was no communication between Mr. Portee and the defendant about the case. It is also difficult to believe, as Mr. Portee claimed, that he didn't know that the defendant was incarcerated with him after being convicted of attempting to shoot Mr. Portee. CT Page 15966
In evaluating the truth of Mr. Portee's testimony in this regard, the court cannot ignore the fact that he knew that he was the target of a shooting, that he knew that the baby of a woman he claimed was a good friend of his was shot, that he refused to give a statement to the police, that he avoided subpoenas which would have compelled his appearance at the defendant's trial, and that over a period of more than four years he gave no statements, or ever saw or talked to the defendant. Then, after coincidently being confined in the same correctional center as the defendant for several days, he is suddenly and unexpectedly confronted by an attorney representing the defendant and he immediately gives a statement exonerating the defendant.
Under all the circumstances this court is very skeptical of the claim by the defendant that the subject of this case and the involvement of Mr. Portee and the defendant in it was never discussed between them and that they had never met. The court also believes that a jury hearing that claim in the context of all the other evidence in the case would be just as skeptical as the court, thus further damaging Mr. Portee's overall credibility.
These examples of why the court is of the opinion that Mr. Portee was not a credible witness, and that a jury would come to the same conclusion, are not intended to cover all of the factors or evidence which bear on the opinion of the court. His manner of testifying, the many inconsistencies in his testimony, and his general demeanor while testifying, all affect his credibility in a negative manner.
Accordingly, for the reasons above stated, the court finds, after weighing the new evidence in conjunction with the evidence presented at the trial, that the defendant has failed to prove by a preponderance of the evidence that a new trial is likely to produce different verdicts and findings.
The motion for a new trial, having been considered by this court by applying the procedural and substantive law applicable to a petition for a new trial pursuant to Section 52-270 of the Connecticut General Statutes, is denied.
Hadden, J T R.