DONNA MONACHELLI v. MECHANICS AND FARMERS SAVINGS BANK
(5614)

DUPONT, C. J., BIELUCH and FOTI, Js.

Argued January 13—decision released March 22, 1988

*Earl I. Williams,* with whom, on the brief, was *Randy Lynn Cohen,* for the appellant (plaintiff).

*Edward J. Holahan,* for the appellee (defendant).

FOTI, J. The plaintiff appeals from the judgment for the defendant rendered by a state trial referee. We find no error.

The plaintiff brought this action in three counts. The first count alleged that the defendant bank violated its agreement with the plaintiff to return to the plaintiff at maturity the sum of $15,000. The second count alleged that the defendant bank negligently permitted the plaintiff's husband to withdraw the proceeds from the account prior to maturity, that it knew or should have known that the joint account was never formally established and that it did not have a signature card with the husband's name on it. The third count alleged that the defendant negligently and wrongfully approved the early withdrawal of the funds by her husband in violation of the agreement between the plaintiff and the defendant.

The facts relevant to this appeal are not in dispute. On April 21, 1981, the plaintiff deposited with the defendant bank the sum of $15,000 in the form of a six month certificate of deposit payable to the plaintiff or her husband, Robert Monachelli. The funds used to open that account were in the form of a bank check made payable to the order of either Donna or Robert Monachelli. The plaintiff originally received these funds as the beneficiary of her mother's life insurance policy in 1977.

When opening the account in question, the plaintiff signed a signature card given to her by the bank. She was told to take the card home, have it signed by her husband and to return it. A copy was left with the bank but the signature was illegible. The plaintiff was given a passbook and a copy of the bank's deposit account rules. She placed the passbook in a drawer and on May 11, 1981, her husband presented the passbook to the bank and withdrew all of the funds, accepting the penalty for early withdrawal after signing the withdrawal forms. Robert Monachelli was known to the bank's manager who confirmed his identity at the time of the withdrawal.

The plaintiff claims the court erred in concluding that the conduct of the bank was insulated from her claim of negligence by General Statutes § 36-3.[1] In particular, the plaintiff claims that the court's interpretation of § 36-3 failed to fully consider the second clause of

---

[1] General Statutes § 36-3 (1) provides: "JOINT DEPOSITS AND ACCOUNTS. When a deposit has been made in this state in any state bank and trust company, national banking association, savings bank or industrial bank or an account has been issued in this state by any savings and loan association or federal savings and loan association or credit union, in the names of two or more persons and in form to be paid to any one or the survivor, or survivors, of them, such deposit or account and any additions thereto made by any of such persons after the making or issuance thereof, together with all dividends or interest or increases credited thereon, shall be held for the exclusive use of such persons and may be paid to any of them dur-

the statute, which she claims provides a rebuttable presumption that funds from a joint account may be paid to either named owner of the account, in actions respecting ownership of such an account. She claims that she presented clear and convincing evidence that the depositor did not intend to vest title in Robert Monachelli, and that the court failed to make such a finding. We cannot agree.

"The presumption created by the second sentence of subsection (1) of the statute has no application to an action between the parties when all of them are alive." *Grodzicki* v. *Grodzicki*, 154 Conn. 456, 463, 226 A.2d 656 (1967). "The first sentence of subsection (1) of the statute permits the payment by the bank to any of the codepositors during the life time of all of them or to survivor or survivors after death of one or more of them 'and the receipt or acquittance of the person or persons to whom such payment is made shall be a valid and sufficient release and discharge for all payments so made.' This portion of the statute is obviously for the protection of the banks." Id., 462–63. The trial court was not in error in concluding that the bank was insulated from liability by § 36-3 under the circumstances here. The conduct of the plaintiff gave every indication that she intended to create a joint account.

The plaintiff further contends that the trial court erred in failing to consider the fiduciary relationship

ing the lifetime of all of them or to the survivor or survivors after the death of one or more of them, and such payment and the receipt or acquittance of the person or persons to whom such payment is made shall be a valid and sufficient release and discharge for all payments so made. The making of a deposit or issuance of an account in such form shall, in the absence of fraud or undue influence, or other clear and convincing evidence to the contrary, be prima facie evidence, in any action or proceeding respecting the ownership of, or the enforcement of the obligation created or represented by such deposit or account, of the intention of all of the named owners thereof to vest title to such deposit or account, including all additions and increments thereto, in such survivor or survivors."

between the bank and its depositor, the duties which flow from that relationship and whether the defendant bank negligently breached these duties.

"The fact that a bank is indebted to its account holders for the amount of the funds that they have deposited . . . imposes no special duty of care for the safekeeping of the funds on deposit." (Citations omitted.) *Frigon* v. *Enfield Savings & Loan Assn.,* 195 Conn. 82, 87, 486 A.2d 630 (1985). The account was an active account as soon as the deposit was made and the plaintiff signed the signature card. It was in the form of an "either/or" account payable to either the plaintiff or her husband. The deposit account contract covered both the plaintiff and her husband and in part stated that "I agree to be bound by the rules in this contract for the account." That deposit account contract did not require the funds on deposit to be kept until the maturity date nor did it require a depositor's signature on the signature card before honoring that depositor's withdrawal request. The signature on the signature card was primarily for identification and when Robert Monachelli presented the passbook with proper withdrawal forms, the defendant was required, under the terms of the deposit account contract to honor that request.

Since the agreement between the parties imposed no duty of care on the defendant bank beyond that which it exercised, and the plaintiff introduced no evidence to establish any further duty of care, the trial court properly found that the plaintiff had not proven her claim of negligence.

There is no error.

In this opinion the other judges concurred.