[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#116)
The defendant seeks judgment on the plaintiffs one count revised CT Page 12783 complaint (#108). For the reasons stated below, the defendant's motion for summary judgment is denied.
 I BACKGROUND
The following facts are alleged by the plaintiff, Lester C. Roseen, in his revised complaint. The defendant, the Connecticut Humane Society, is a Connecticut corporation located at 701 Russell Road, Newington, Connecticut. In 1974, the defendant accepted the deceased remains of the plaintiffs dog for the purpose of burial. The plaintiff paid for the cost of the burial, including a casket, vault and marker. In 1997, the defendant began new construction on its premises. During excavation, the defendant or its agent caused the vault of the dog to be damaged.
On June 26, 2000, the plaintiff filed the operative revised complaint. On June 4, 2001, the defendant filed the present motion for summary judgment. The defendant seeks judgment on the grounds that the plaintiffs factual allegations cannot possibly be true; that the plaintiff has no standing to bring the present action; and that the plaintiff fails to allege a duty owed to him by the defendant. Accompanying its motion for summary judgment the defendant has attached a memorandum of law, an affidavit of Richard Johnston, a copy of the defendant's animal burial receipt and agreement form, relevant correspondence and the small claims writ filed by the plaintiff.
The plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment, accompanied by an affidavit of Lester Roseen. In his memorandum, the plaintiff argues that the complaint alleges a contractual duty through either a "verbal" contract for the burial of his pet or the doctrine of promissory estoppel. The court heard argument at short calendar on July 30, 2001, and, after reviewing the relevant pleadings, affidavits and exhibits, now issues this opinion.
 II STANDARD OF REVIEW
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of CT Page 12784 any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." Sherwood v.Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way. . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Morascini v. Commissioner of PublicSafety, 236 Conn. 781, 808-09, 236 A.2d 1340 (1996).
 III DISCUSSION
The defendant argues that summary judgment is appropriate because the facts alleged by the plaintiff cannot be true, because the plaintiff has no standing to bring the present action, and because he fails to allege a duty owed by the defendant. The plaintiff responds by arguing that there is a dispute as to a material issue of fact, that the defendant owed him a duty to care for the gravesite and vault of his pet by virtue of an oral agreement entered into in 1974, and under the doctrine of promissory estoppel.
 A Claimed Admissions of Fact
The defendant argues that the plaintiffs complaint admits that he was able to view the subject vault in 1998, after the completion of construction work on the defendant's property, and was able to confirm that the vault was undamaged. (Defendant's memorandum in support of summary judgment, pp. 4-5). The complaint does not mention the year 1998; rather, it alleges, in paragraph 4, that the defendant began construction in 1997. The defendant relies also on the plaintiffs then attorney's attorney's letter, dated June 8, 1999 (Exhibit 4), in which he stated that the plaintiff "was able to view the vault in the fall of 1998 CT Page 12785 at which time there was no damage to the vault." The defendant also submitted the affidavit of its president, Richard Johnston, which states that the initial excavation and backfill was completed by the fall of 1997, while the majority of the construction work was completed in 1998, except for demolition of an old facility, which was nowhere near the cemetery. (See affidavit of Richard Johnston, ¶ 7.) As a result, the defendant contends that it is impossible for the subject vault to have been damaged as alleged.
In response, the plaintiff submitted his own affidavit, in which he averred that he viewed a vault in 1997, not 1998, and that his former attorney's letter was mistaken as to the time-frame. (See affidavit of Lester Roseen, ¶ 3.) The plaintiff does not dispute that his former attorney was acting on his behalf, within the attorney's general authority to represent him in connection with and for the purpose of the matter committed to the attorney. Accordingly, such a "relevant and material admission . . . of fact by an attorney" is admissible against the client. Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512,517, 391 A.2d 157 (1978). However, the admission is not conclusive. The statement made by the plaintiffs then-attorney on the plaintiffs behalf is an evidential admission, which "is subject to explanation by the party making it so that the trier may properly evaluate it." Willow FundingCo. v. Grencom Associates, 246 Conn. 615, 621, 717 A.2d 1211 (1998). The plaintiffs explanation that his attorney was mistaken as to the year in which the plaintiff viewed the vault is subject to evaluation by the trier of fact. This dispute between the parties as to timing presents a material issue of fact which the court cannot resolve by summary adjudication. See Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 107,639 A.2d 507 (1994).
 B Standing
"As we have held repeatedly, the power to determine its jurisdiction is one of the core inherent powers of a court. [O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v. Ganim,241 Conn. 546, 552, 698 A.2d 245 (1997).
"It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has . . . some real interest in the CT Page 12786 cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." Id., 552-53. "[T]he standing doctrine requires a plaintiff to demonstrate two facts. First, the complaining party must be a proper party to request adjudication of the issues. . . . Second, the person or persons who prosecute the claim on behalf of the complaining party must have authority to represent the party." (Citations omitted.) Id. "A complaining party ordinarily can show that it is a proper party when it makes a colorable claim of [a] direct injury [it] has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and dingent advocacy." Id., 553-54.
"It is well settled that one who [is] neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract." (Internal quotation marks omitted.) Tomlinson v. Board ofEducation, 226 Conn. 704, 718, 629 A.2d 333 (1993). "It is true . . . that in order to form a contract, generally there must be a bargain in which there is a manifestation of mutual assent to the exchange between two or more parties . . . and the identities of the contracting parties must be reasonably certain." (Citations omitted; internal quotation marks omitted.) Ubysz v. DiPietro, 185 Conn. 47, 51, 440 A.2d 830 (1981). "The manifestation of assent may be made wholly or partly by written or spoken word or by other acts or by failure to act." (Internal quotation marks omitted.) Id.
In the present case, the plaintiff claims that he paid the defendant for the burial of his pet in 1974. The defendant argues that its normal business practice was to enter into a written agreement with pet owners (animal burial receipt). The animal burial receipt form (Exhibit 1) provides for certain reservations of rights by the defendant. In the present case, the plaintiff claims that he never signed it. The defendant has no record proving that he did so. Thus, this case differs fromAlarmani v. Connecticut Humane Society, Superior Court, judicial district of New Britain at New Britain, Docket No. 498685 (Dec. 8, 2000, Shapiro,J.)' where a former dog owner who had signed a release agreement was found not to have standing to sue for damages as a result of the defendant's euthanizing of the former pet.
While the defendant maintains that it has never entered any agreements other than the animal burial receipt incident to interment, it has not disputed the allegation that payment was made for the burial. Also, it is undisputed that the plaintiffs dog is buried and that a gravesite is maintained on the defendant's premises.
In contending that the plaintiff has no standing the defendant CT Page 12787 analogizes to the law concerning human corpses. (Defendant's memorandum in support of summary judgment, p. 7.) A cemetery for human beings ordinarily utilizes a conveyance of a burial lot for the purpose of interment of human remains. See Norwalk Vault Co. of Bridgeport, Inc. v.Mt. Grove Cemetery, 180 Conn. 680, 683, 686, 433 A.2d 979 (1980). One who receives a deed to a burial lot does not take title to the soil itself, but acquires the right to a limited use of a particular lot for the purpose of interment. This right is subject to the reasonable police regulations of the cemetery operator. See id., 688. "In order to secure permanent care, the legislature permits cemetery associations to exist with the duty of providing, maintaining and protecting burial grounds." Id., 690. In Norwalk Vault, our Supreme Court found that owners of such lots had standing to maintain the suits brought there, which sought damages concerning the defendant's sales of certain burial vaults. See id., 682, n. 1. Here, it is not alleged that conveyance of a burial lot occurred.
Nevertheless, the defendant has not met its burden to clearly show what the truth is. There is a material factual dispute as to whether an oral agreement for ongoing maintenance of the gravesite was entered into by the parties. See e.g. Ubysz v. DiPietro, supra, 185 Conn. 54 (holding, in the context of part performance, if acts are "of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of a contract" then a contract shall be found to have existed). As stated above, the court cannot resolve such a factual dispute via summary adjudication.
 C Duty of Care
"The existence of a duty of care is an essential element of negligence. . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Calderwood v. Bender, 189 Conn. 580, 584, 457 A.2d 313
(1983). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Gazov. Stamford, 255 Conn. 245, 250, 765 A.2d 505 (2001).
For the court to determine the existence of a duty of care arising out of a contractual relationship it is necessary for the court to examine the terms of the contract. See e.g. Monachelli v. Mechanics FarmersSaving Bank, 13 Conn. App. 662, 666, 538 A.2d 1089 (1988) (court limited CT Page 12788 duty of care to that imposed by the agreement). "Whether and on what terms a contractual commitment has been undertaken, [however], are ultimately questions of fact for the trier of facts." PresidentialCapital Corp. v. Reale, 231 Conn. 500, 507, 652 A.2d 489 (1994). As stated above, here, the movant has not shown "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.)Morascini v. Commissioner of Public Safety, supra, 236 Conn. 808-09.
While the court finds that there is sufficient evidence in the record to establish a triable issue concerning the existence of an oral agreement between the plaintiff and defendant, there remain genuine issues of material fact such that determination is not appropriate on a summary judgment motion. Accordingly, the defendant's motion for summary judgment is denied.[1]
 IV CONCLUSION
For the foregoing reasons, the defendant's motion for summary judgment is denied. It is so ordered.
 BY THE COURT, JUDGE OF THE SUPERIOR COURT