[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff Sally Ann Durso and the defendant Charlene Vessichio are in dispute as to the ownership of the balance of two joint survivorship bank accounts.
The parties have stipulated to these facts:
1. Salvatore Vessichio died on August 17, 2000.
2. Prior to his death, Salvatore Vessichio established joint survivorship bank accounts (Account #118238670, 1034-79452) at Bank Boston in the names of Salvatore Vessichio, Charlene Vessichio and Sally Ann Durso.
3. At the time of Salvatore Vessichio's death, the joint accounts (Accounts #118238670, 1034-79452) contained $86,618.00.
4. After the death of Salvatore Vessichio, Charlene Vessichio withdrew all funds from the joint accounts.
5. Sally Ann Durso demanded one-half of the funds deposited in the CT Page 7916 joint accounts and withdrawn by Charlene Vessichio. Charlene Vessichio refused to pay Sally Ann Durso any of the monies she demanded.
6. The joint survivorship accounts were subject to a "Personal Account Deposit Agreement" at Bank Boston in effect at the time of Salvatore Vessichio's death.
7. Charlene Vessichio paid funeral expenses and debts of Salvatore Vessichio totaling $11,933.80.
8. The monies contained in the aforementioned accounts were subsequently transferred by Charlene Vessichio to Saloman Smith Barney Account #577-15911-321.
The intervening complaint of Marianne Vessichio was dismissed by the court on motion of the named parties.
 DISCUSSION
The plaintiff claims a one half interest in the funds by virtue of § 36a-290 (b) of the Connecticut General Statutes. That section reads as follows:
 The establishment of a deposit account or share account which is a joint account under subsection (a) of this section is, in the absence of fraud or undue influence, or other clear and convincing evidence to the contrary, prima facie evidence of the intention of all of the named owners thereof to vest title to such account, including all subsequent deposits and additions made thereto, in such survivor or survivors, in any action or proceeding between any two or more of the depositors, respecting the ownership of such account or its proceeds.
This language is clear and unequivocal and the defendant has not cited case law to the contrary. The plaintiff cites a case addressing this section, Grodzicki v. Grodzicki, 154 Conn. 657 (1976), and stating that the purpose of a joint account is to transfer funds to a surviving co-depositor.
The defendant has cited several cases in support of her theory which would, in effect, have the amount on deposit become the property of the one who got to the bank first. Those cases protect the bank in the event a co-depositor withdraws the entire account. Monachelli v. Mechanics Farmers Savings Bank, 13 Conn. App. 662 (1988); balance of citations CT Page 7917 omitted.
Section 36a-290 (a) is of no assistance to the defendant as that section is designed to protect the bank in situations such as this one. It does not address the interests of co-depositors.
The defendant's reliance on Fleet Bank Connecticut, N.A. v. Carillo,240 Conn. 343 (1997) is misplaced. That case dealt with a third party creditor and re-affirmed the court's prior decision, noting that §36a-290 was not applicable.
 CONCLUSION
Judgment may enter for the plaintiff in the amount of $37,342.10, said sum being one half of the balance of $86,618 less $11,933.80 paid for the debts and funeral expenses of Salvatore Vessichio.
The plaintiff is entitled to legal interest from August 25, 2000 and her taxable costs.
 ___________________ Anthony V. DeMayo Judge Trial Referee